# SULLIVAN, SECRETARY OF HEALTH AND HUMAN SERVICES *v.* HUDSON

No. 88–616.   Argued April 17, 1989—Decided June 12, 1989

O'CONNOR, J., delivered the opinion of the Court, in which BRENNAN, MARSHALL, BLACKMUN, and STEVENS, JJ., joined. WHITE, J., filed a dissenting opinion, in which REHNQUIST, C. J., and SCALIA and KENNEDY, JJ., joined, *post*, p. 893.

*Edwin S. Kneedler* argued the cause for petitioner. On the briefs were former *Solicitor General Fried, Acting Solicitor General Bryson, Assistant Attorney General Bolton, Deputy Solicitor General Merrill, Harriet S. Shapiro*, and *William Kanter.*

*James E. Coleman, Jr.*, argued the cause for respondent. With him on the brief were *Joseph E. Killory, Jr.*, and *Richard J. Ebbinghouse.*

JUSTICE O'CONNOR delivered the opinion of the Court.

The issue before us in this case is whether a Social Security claimant is entitled to an award of attorney's fees under the Equal Access to Justice Act for representation provided during administrative proceedings held pursuant to a district court order remanding the action to the Secretary of Health and Human Services.

I

Respondent Elmer Hudson filed an application for the establishment of a period of disability and for disability benefits under the Social Security Act, 49 Stat. 620, as amended, 42 U. S. C. § 401 *et seq.* (1982 ed. and Supp. V) on September 9, 1981. On the same day, she filed an application for supplemental security income under Title XVI of the Act. Respondent, now 50, submitted medical evidence indicating obesity, limitations in movement, and lower back pain. Her application for benefits was administratively denied, and that position was upheld on reconsideration by the Social Security Administration. Respondent requested and received a hearing before an Administrative Law Judge (ALJ), where

she was represented by a Legal Services Corporation paralegal. At the hearing, respondent testified that she suffered from back pain, depression, and nervousness. Respondent was in a state of anxiety and cried throughout the hearing. The ALJ ordered a posthearing psychiatric examination by Dr. Anderson, a psychiatrist, and respondent's representative chose to have her undergo an additional evaluation by Dr. Myers, a clinical psychologist. Dr. Anderson's report indicated that respondent suffered from mild to moderate dysthymic disorder and a histrionic personality disorder. He concluded that respondent's psychological condition would not interfere with her ability to work in the domestic services area, where most of her past work experience lay. Dr. Myers found that respondent was moderately to severely depressed, suffered from insomnia, fatigue, psychomotor retardation, tearfulness, and anxiety. He concluded that her psychological problems, coupled with her mild physical disabilities and back pain, rendered her unemployable absent exhaustive rehabilitative efforts.

Based on these two reports, the ALJ rendered her decision finding that respondent was not disabled because she was capable of performing work similar to that she had done in the past. The ALJ's decision was approved by the Social Security Appeals Council, thus becoming the final decision of the Secretary concerning respondent's applications. Respondent then brought an action in the District Court for the Northern District of Alabama under 42 U. S. C. § 405(g) seeking judicial review of the Secretary's decision denying benefits. The District Court found that the Secretary's decision was supported by substantial evidence and affirmed the denial of benefits. App. to Pet. for Cert. 43a–44a. The Court of Appeals for the Eleventh Circuit reversed. It vacated the Secretary's decision and instructed the District Court to remand the case to the Secretary for reconsideration. *Hudson* v. *Heckler,* 755 F. 2d 781 (1985). The Court of Appeals agreed with respondent that "the Secretary did

not follow her own regulations" in making the disability determination in respondent's case. *Id.*, at 785. The court found that those regulations required the Secretary to consider the cumulative effect of impairments even where no individual ailment considered in isolation would be disabling. *Ibid.* In respondent's case the ALJ had never considered the combined effect of respondent's physical and psychological afflictions. Nor had the ALJ given any reasons for her rejection of Dr. ·Myers' evaluation of the combined effects of respondent's physical and psychological conditions. *Id.*, at 785–786.

Following the District Court's remand order, the Social Security Appeals Council vacated its earlier denial of respondent's request for review and returned the case to an ALJ for further proceedings. App. to Pet. for Cert. 30a. The Appeals Council instructed the ALJ to provide respondent with an opportunity to testify at a supplemental hearing and to adduce additional evidence. *Id.*, at 31a. The Appeals Council also indicated that the ALJ might wish to obtain the services of a medical adviser to evaluate respondent's psychiatric impairment during the period at issue. *Ibid.* Finally, the Appeals Council instructed the ALJ to apply the revised regulations for determining disability due to mental disorders, which had been published by the Secretary in 1985 pursuant to statutory directive. *Ibid.* On remand, the ALJ found that respondent had been disabled as of May 15, 1981, as she had originally maintained in her initial applications for benefits. Respondent was represented before the ALJ in the remand proceedings by the same counsel who had represented her before the District Court and the Court of Appeals.

On October 22, 1986, the Appeals Council adopted the ALJ's recommended decision and instructed the Social Security Administration to pay respondent disability and supplemental income benefits. *Id.*, at 21a–23a. On December 11, 1986, the District Court, pursuant to the Secretary's motion,

dismissed respondent's action for judicial review, finding that after the remand order respondent had obtained all the relief prayed for in her complaint. The District Court retained jurisdiction over the action for the limited purpose of considering any petition for the award of attorney's fees. Respondent then filed the instant petition for an award of attorney's fees under the Equal Access to Justice Act (EAJA), Pub. L. 96–481, 94 Stat. 2328, as amended, 28 U. S. C. §2412(d) (1982 ed., Supp. V). The District Court denied respondent's fee application *in toto*, finding that the position taken by the Secretary in the initial denial of benefits to respondent was "substantially justified." App. to Pet. for Cert. 17a–20a. The Court of Appeals again reversed. *Hudson* v. *Secretary of Health and Human Services*, 839 F. 2d 1453 (CA11 1988). The Court of Appeals noted that in its earlier opinion it had found that the Secretary had violated her own regulations by failing to consider the cumulative effect of respondent's ailments, and that the ALJ had failed to give her reasons for rejection of Dr. Myers' testimony concerning the cumulative effects of respondent's ailments. *Id.*, at 1457–1458. The Secretary's defense of the denial of benefits to respondent "on those two grounds was not substantially justified." *Id.*, at 1458. Having concluded that an award of attorney's fees was proper under the EAJA, the court went on to consider whether the award could include attorney's fees for work done at the administrative level after the cause was remanded to the Secretary by the District Court. The Court of Appeals rejected the Secretary's argument that 5 U. S. C. §§504(a)(1) and 504(b)(1)(C) (1982 ed., Supp. V) limited a court's power to award attorney's fees for administrative proceedings to those situations "in which the position of the United States is represented by counsel or otherwise. . . ." While recognizing that the Secretary was not represented by counsel in the remand proceedings at issue here, the Court of Appeals found that "the critical determination is whether the Secretary has staked out a position." 839 F. 2d, at 1460.

Since the Secretary had taken an adversarial position in the proceedings for judicial review prior to the remand, the Court of Appeals found that the proceedings were no less "adversarial" on remand before the agency, and therefore a fee award encompassing work performed before the agency on remand was proper. *Ibid.*

Because the Court of Appeals' decision granting attorney's fees for representation in administrative proceedings on remand from judicial review of a Social Security benefits determination conflicts with the decisions of other Courts of Appeals, see, *e. g., Cornella v. Schweiker,* 728 F. 2d 978, 988–989 (CA8 1984), we granted the Secretary's petition for certiorari. *Sub nom. Bowen v. Hudson,* 488 U. S. 980 (1988).

## II

In 1980, Congress passed the EAJA in response to its concern that persons "may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights." 94 Stat. 2325. As the Senate Report put it:

> "For many citizens, the costs of securing vindication of their rights and the inability to recover attorney fees preclude resort to the adjudicatory process. . . . When the cost of contesting a Government order, for example, exceeds the amount at stake, a party has no realistic choice and no effective remedy. In these cases, it is more practical to endure an injustice than to contest it." S. Rep. No. 96–253, p. 5 (1979).

The EAJA was designed to rectify this situation by providing for an award of a reasonable attorney's fee to a "prevailing party" in a "civil action" or "adversary adjudication" unless the position taken by the United States in the proceeding at issue "was substantially justified" or "special circumstances make an award unjust." That portion of the Act ap-

plicable to "civil actions" provides, as amended, in relevant part that

"[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U. S. C. § 2412(d)(1)(A) (1982 ed., Supp. V).

Application of this provision to respondent's situation here requires brief consideration of the structure of administrative proceedings and judicial review under the Social Security Act. Once a claim has been processed administratively, judicial review of the Secretary's decision is available pursuant to § 205(g) of the Social Security Act, 42 U. S. C. § 405(g), which provides in pertinent part:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action . . . . The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. . . . The court may, on motion of the Secretary for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such addi-

tional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

As provisions for judicial review of agency action go, § 405(g) is somewhat unusual. The detailed provisions for the transfer of proceedings from the courts to the Secretary and for the filing of the Secretary's subsequent findings with the court suggest a degree of direct interaction between a federal court and an administrative agency alien to traditional review of agency action under the Administrative Procedure Act. As one source puts it:

"The remand power places the courts, not in their accustomed role as external overseers of the administrative process, making sure that it stays within legal bounds, but virtually as coparticipants in the process, exercising ground-level discretion of the same order as that exercised by ALJs and the Appeals Council when they act upon a request to reopen a decision on the basis of new and material evidence." J. Mashaw, C. Goetz, F. Goodman, W. Schwartz, P. Verkuil, & M. Carrow, Social Security Hearings and Appeals 133 (1978).

Where a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed. See, *e. g., Cooper* v. *Bowen*, 815 F. 2d 557, 561 (CA9 1987). Often, complex legal issues are involved, including classification of the claimant's alleged disability or his or her prior work experience within the Secretary's guidelines or "grids" used for determining claimant disability. See, *e. g., Cole* v. *Secretary of Health and Human Services*, 820 F. 2d 768,

772–773 (CA6 1987). Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review. See, e. g., *Hooper* v. *Heckler*, 752 F. 2d 83, 88 (CA4 1985); *Mefford* v. *Gardner*, 383 F. 2d 748, 758–759 (CA6 1967). In many remand situations, the court will retain jurisdiction over the action pending the Secretary's decision and its filing with the court. See *Ahghazali* v. *Secretary of Health and Human Services*, 867 F. 2d 921, 927 (CA6 1989) (remanding action to District Court with instructions to retain jurisdiction during proceedings on remand before the agency); *Taylor* v. *Heckler*, 778 F. 2d 674, 677, n. 2 (CA11 1985) ("[T]he district court retains jurisdiction of the case until the proceedings on remand have been concluded"); accord, *Brown* v. *Secretary of Health and Human Services*, 747 F. 2d 878, 883–885 (CA3 1984). The court retains the power in such situations to assure that its prior mandate is effectuated. See *Ford Motor Co.* v. *NLRB*, 305 U. S. 364, 373 (1939).

Two points important to the application of the EAJA emerge from the interaction of the mechanisms for judicial review of Social Security benefits determinations and the EAJA. First, in a case such as this one, where a court's remand to the agency for further administrative proceedings does not necessarily dictate the receipt of benefits, the claimant will not normally attain "prevailing party" status within the meaning of § 2412(d)(1)(A) until after the result of the administrative proceedings is known. The situation is for all intents and purposes identical to that we addressed in *Hanrahan* v. *Hampton*, 446 U. S. 754 (1980). There we held that the reversal of a directed verdict for defendants on appeal did not render the plaintiffs in that action "prevailing parties" such that an interim award of attorney's fees would be justified under 42 U. S. C. § 1988. We found that such "procedural or evidentiary rulings" were not themselves "matters on which a party could 'prevail' for purposes of shifting his counsel fees to the opposing party under § 1988."

*Id.*, at 759. More recently in *Texas State Teachers Assn.* v. *Garland Independent School Dist.*, 489 U. S. 782 (1989), we indicated that in order to be considered a prevailing party, a plaintiff must achieve some of the benefit sought in bringing the action. *Id.*, at 791–793. We think it clear that under these principles a Social Security claimant would not, as a general matter, be a prevailing party within the meaning of the EAJA merely because a court had remanded the action to the agency for further proceedings. See *Hewitt* v. *Helms*, 482 U. S. 755, 760 (1987). Indeed, the vast majority of the Courts of Appeals have come to this conclusion. See, *e. g.*, *Paulson* v. *Bowen*, 836 F. 2d 1249, 1252 (CA9 1988); *Swedberg* v. *Bowen*, 804 F. 2d 432, 434 (CA8 1986); *Brown* v. *Secretary of Health and Human Services, supra*, at 880–881.

Second, the EAJA provides that an application for fees must be filed with the court "within thirty days of final judgment in the action." 28 U. S. C. § 2412(d)(1)(B) (1982 ed., Supp. V). As in this case, there will often be no final judgment in a claimant's civil action for judicial review until the administrative proceedings on remand are complete. See *Guthrie* v. *Schweiker*, 718 F. 2d 104, 106 (CA4 1983) ("[T]he procedure set forth in 42 U. S. C. § 405(g) contemplates additional action both by the Secretary and a district court before a civil action is concluded following a remand"). The Secretary concedes that a remand order from a district court to the agency is not a final determination of the civil action and that the district court "retains jurisdiction to review any determination rendered on remand." Brief for Petitioner 16, 16–17.

Thus, for purposes of the EAJA, the Social Security claimant's status as a prevailing party and the final judgment in her "civil action . . . for review of agency action" are often completely dependent on the successful completion of the remand proceedings before the Secretary. Moreover, the remanding court continues to retain jurisdiction over the action within the meaning of the EAJA and may exercise that juris-

diction to determine if its legal instructions on remand have been followed by the Secretary. Our past decisions interpreting other fee-shifting provisions make clear that where administrative proceedings are intimately tied to the resolution of the judicial action and necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded.

In *Pennsylvania* v. *Delaware Valley Citizens' Council*, 478 U. S. 546 (1986), we considered whether the costs of representation before federal and state administrative agencies in defense of the provisions of a consent decree entered under the Clean Air Act were compensable under the fee-shifting provision of that statute. Section 304(d) of the Clean Air Act provides for the award of a reasonable attorney fee in conjunction with "any final order in any action brought pursuant to" certain provisions of the Act. 42 U. S. C. § 7604(d). In *Delaware Valley*, we rejected the contention that the word "action" in the fee-shifting provision should be read narrowly to exclude all proceedings which could be plausibly characterized as "nonjudicial." We indicated that

> "[a]lthough it is true that the proceedings [at issue] were not 'judicial' in the sense that they did not occur in a courtroom or involve 'traditional' legal work such as examination of witnesses or selection of jurors for trial, the work done by counsel in these two phases was as necessary to the attainment of adequate relief for their client as was all of their earlier work in the courtroom which secured Delaware Valley's initial success in obtaining the consent decree." 478 U. S., at 558.

Similarly, in *New York Gas Light Club, Inc.* v. *Carey*, 447 U. S. 54 (1980), we held that under the fee-shifting provision of Title VII of the Civil Rights Act of 1964, 42 U. S. C. § 2000e–5(k), a federal court could award attorney's fees for services performed in state administrative and judicial

enforcement proceedings. We noted that the words of the statute, authorizing "the court" to award attorney's fees "[i]n any action or proceeding under this title," could be read to include only federal administrative or judicial proceedings. 447 U. S., at 60–61. Looking to the entire structure of Title VII, we observed that Congress had mandated initial resort to state and local remedies, and that "Congress viewed proceedings before the Equal Employment Opportunity Commission and in federal court as supplements to available state remedies for employment discrimination." *Id.*, at 65. Given this interlocking system of judicial and administrative avenues to relief, we concluded that the exclusion of state and local administrative proceedings from the fee provisions would clearly clash with the congressional design behind the statutory scheme whose enforcement the fee-shifting provisions was designed to promote. *Ibid.* See also *Webb* v. *Dyer County Board of Education*, 471 U. S. 234, 243 (1985) (work performed in administrative proceedings that is "both useful and of a type ordinarily necessary to advance civil rights litigation" may be compensable under 42 U. S. C. § 1988); *North Carolina Dept. of Transportation* v. *Crest Street Community Council, Inc.*, 479 U. S. 6, 15 (1986).

We think the principles we found persuasive in *Delaware Valley* and *Carey* are controlling here. As in *Delaware Valley*, the administrative proceedings on remand in this case were "crucial to the vindication of [respondent's] rights." *Delaware Valley, supra*, at 561. No fee award at all would have been available to respondent absent successful conclusion of the remand proceedings, and the services of an attorney may be necessary both to ensure compliance with the District Court's order in the administrative proceedings themselves, and to prepare for any further proceedings before the District Court to verify such compliance. In addition, as we did in *Carey*, we must endeavor to interpret the fee statute in light of the statutory provisions it was designed to effectuate. Given the "mandatory" nature of the administrative proceed-

ings at issue here, and their close relation in law and fact to the issues before the District Court on judicial review, we find it difficult to ascribe to Congress an intent to throw the Social Security claimant a lifeline that it knew was a foot short. Indeed, the incentive which such a system would create for attorneys to abandon claimants after judicial remand runs directly counter to long established ethical canons of the legal profession. See American Bar Association, Model Rules of Professional Conduct, Rule 1.16, pp. 53–55 (1984). Given the anomalous nature of this result, and its frustration of the very purposes behind the EAJA itself, Congress cannot lightly be assumed to have intended it. See *Christiansburg Garment Co.* v. *EEOC*, 434 U. S. 412, 418–419 (1978). Since the judicial review provisions of the Social Security Act contemplate an ongoing civil action of which the remand proceedings are but a part, and the EAJA allows "any court having jurisdiction of that action" to award fees, 28 U. S. C. § 2412(d)(1)(A), we think the statute, read in light of its purpose "to diminish the deterrent effect of seeking review of, or defending against, governmental action," 94 Stat. 2325, permits a court to award fees for services performed on remand before the Social Security Administration. Where a court finds that the Secretary's position on judicial review was not substantially justified within the meaning of the EAJA, see *Pierce* v. *Underwood*, 487 U. S. 552, 563–568 (1988), it is within the court's discretion to conclude that representation on remand was necessary to the effectuation of its mandate and to the ultimate vindication of the claimant's rights, and that an award of fees for work performed in the administrative proceedings is therefore proper. See *Delaware Valley, supra*, at 561; *Webb, supra*, at 243.

The Secretary mounts two interrelated challenges to this interpretation of § 2412(d)(1)(A). While the Secretary's contentions are not without some force, neither rises to the level necessary to oust what we think is the most reasonable interpretation of the statute in light of its manifest purpose.

First, the Secretary argues that plain meaning of the term "civil action" in § 2412(d)(1)(A) excludes any proceedings outside of a court of law. Brief for Petitioner 12–13; Reply Brief for Petitioner 8–9. Of course, if the plain language of the EAJA evinced a congressional intent to preclude the interpretation we reach here, that would be the end of the matter. In support of this proposition, the Secretary points out that the "'[t]erm [action] in its usual legal sense means a suit brought in a court; a formal complaint within the jurisdiction of a court of law.'" Brief for Petitioner 13, n. 7, quoting Black's Law Dictionary 26 (5th ed. 1979). Second, the Secretary notes that Congress did authorize EAJA fee awards under 5 U. S. C. § 504(a)(1) (1982 ed., Supp. V) where an agency "conducts an adversary adjudication," and that an adversary adjudication is defined in § 504(b)(1)(C) as "an adjudication . . . in which the position of the United States is represented by counsel or otherwise." Under 28 U. S. C. § 2412(d)(3) (1982 ed., Supp. V) a court is empowered to award fees for representation before an agency to a party who prevails in an action for judicial review to "the same extent authorized in [5 U. S. C. § 504(a)]." Thus, the Secretary concludes that since benefits proceedings before the Secretary and his designates are nonadversarial, and a court is explicitly empowered to award fees for agency proceedings where such proceedings satisfy the requirements of § 504(a)(1), the principle of *expressio unius est exclusio alterius* applies, and a court may never award fees for time spent in nonadversarial administrative proceedings. See Brief for Petitioner 12–18; Reply Brief for Petitioner 7–12.

We agree with the Secretary that for purposes of the EAJA Social Security benefit proceedings are not "adversarial" within the meaning of § 504(b)(1)(C) either initially or on remand from a court. See *Richardson* v. *Perales*, 402 U. S. 389, 403 (1971). The plain language of the statute requires that the United States be represented by "counsel or otherwise," and neither is true in this context. Nonetheless,

.

we disagree with the conclusion the Secretary would draw from this fact. First, as *Delaware Valley, Webb,* and *Carey* indicate, administrative proceedings may be so intimately connected with judicial proceedings as to be considered part of the "civil action" for purposes of a fee award. This is particularly so in the Social Security context where "a suit [has been] brought in a court," and where "a formal complaint within the jurisdiction of a court of law" remains pending and depends for its resolution upon the outcome of the administrative proceedings. Second, we disagree with the Secretary's submission that a negative implication can be drawn from the power granted a court to award fees based on representation in a prior adversary adjudication before an agency. Section 2412(d)(3) provides that "[i]n awarding fees and other expenses under this subsection to a prevailing party in any action for judicial review of an adversary adjudication," the court may award fees to the same extent that they would have been available before the agency itself under § 504(a)(1). On its face, the provision says nothing about the power of a court to award reasonable fees for representation in a *nonadversarial* adjudication which is wholly ancillary to a civil action for judicial review. That Congress carved the world of EAJA proceedings into "adversary adjudications" and "civil actions" does not necessarily speak to, let alone preclude, a reading of the term "civil action" which includes administrative proceedings necessary to the completion of a civil action.

We conclude that where a court orders a remand to the Secretary in a benefits litigation and retains continuing jurisdiction over the case pending a decision from the Secretary which will determine the claimant's entitlement to benefits, the proceedings on remand are an integral part of the "civil action" for judicial review, and thus attorney's fees for representation on remand are available subject to the other limitations in the EAJA. We thus affirm the judgment of the

Court of Appeals on this issue and remand the case to that court for further proceedings consistent with this opinion.

*It is so ordered.*

JUSTICE WHITE, with whom THE CHIEF JUSTICE, JUSTICE SCALIA, and JUSTICE KENNEDY join, dissenting.

In 1985, Congress reenacted the Equal Access to Justice Act (EAJA), 99 Stat. 183, authorizing awards of attorney's fees to parties that prevail in litigation against the United States unless the position taken by the United States is substantially justified or the award unjust. Fees can be awarded only when "incurred . . . in any civil action . . . brought . . . in any court having jurisdiction of that action," 28 U. S. C. § 2412(d)(1)(A) (1982 ed., Supp. V), or when incurred in connection with an "adversary adjudication" conducted by an agency, 5 U. S. C. § 504(a)(1) (1982 ed., Supp. V). Congress refused to extend the EAJA to fees incurred in proceedings before the Social Security Administration, which are non-adversarial, leaving supporters of such an extension "a fight which will have to be fought another day." 131 Cong. Rec. 20350 (1985) (remarks of Sen. Heflin). The majority today awards those supporters a partial victory in that fight without either side having stepped into the legislative ring. Because this judicial TKO ignores the plain language of the EAJA as well as its legislative history, I dissent.

The majority correctly rejects the reasoning of the Court of Appeals that once the Secretary took a position in District Court, by arguing that respondent was not entitled to benefits, the case became an "adversary adjudication" and respondent was entitled under § 504(a)(1) to attorney's fees incurred on remand. As the majority concludes, this interpretation of § 504(a)(1) is flatly contrary to 5 U. S. C. § 504(b)(1)(C) (1982 ed., Supp. V), which defines "adversary adjudication" as one in which the "position of the United States is represented by counsel or otherwise." Proceedings before the Social Security Administration, even on remand

from a district court, do not satisfy this requirement, as the majority recognizes. *Ante,* at 891.

Instead, the majority looks to § 2412(d)(1)(A), the provision of the EAJA dealing with fees incurred in "civil actions," as the basis for authorizing the award of fees at issue here. The majority reasons that "[s]ince the judicial review provisions of the Social Security Act contemplate an ongoing civil action of which the remand proceedings are but a part, and the EAJA allows 'any court having jurisdiction of that action' to award fees, 28 U. S. C. § 2412(d)(1)(A), . . . the statute . . . permits a court to award fees for services performed on remand before the Social Security Administration." *Ante,* at 890. In so construing § 2412, however, the majority has committed the same error that the Court of Appeals committed in construing § 504 — in its effort to reach the result it desires, it ignores the plain language of the statute it is construing.

Section 2412(d)(1)(A), by its terms, does not authorize the recovery of fees incurred in proceedings on remand before the Social Security Administration. That section provides in relevant part that "a court shall award to a prevailing party other than the United States fees and other expenses . . . *incurred by that party in any civil action* . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action." (Emphasis added.) The plain meaning of "civil action" is a proceeding in a court, see Black's Law Dictionary 26, 222 (5th ed. 1979); Fed. Rules Civ. Proc. 2, 3, and any argument to the contrary is foreclosed by the statute itself — the civil action must be one ·brought "in any court having jurisdiction." Clearly, the Social Security Administration is not a court, see 28 U. S. C. § 451 (defining "court of the United States"), and so § 2412 does not apply to fees incurred in proceedings before the Social Security Administration.

Other language in § 2412(d)(1)(A) reinforces this conclusion. The section includes within the meaning of "civil action" the "judicial review of agency action." Congress thus

was perfectly capable of distinguishing between judicial review by the courts and action by administrative agencies, such as the remand proceedings in this case. Section 2412 contains no similar authorization for recovery of fees for "agency action," whether or not on remand and regardless of how essential the proceeding might be to the claimant's ultimate recovery. In addition, the section makes liability for fees depend on the United States taking a position that is not substantially justified. But in proceedings before the Social Security Administration, the United States does not take any position (such proceedings are not adversarial, as the majority agrees), and so the majority's reading of the statute makes fee liability depend on a non sequitur.

Section 504, not § 2412, is the provision of the EAJA that governs the recovery of fees in proceedings before administrative agencies; indeed, Congress was careful to place § 504 in Title 5 of the United States Code, which governs procedures before administrative agencies, while placing § 2412 in Title 28, which governs procedures before the courts. The lack of any authorization in § 504(a)(1) for fees under the present circumstances provides further confirmation of the plain meaning of the EAJA. As the majority holds, the fee authorization in § 504(a)(1) is limited to adversary administrative adjudications, which do not include the nonadversary proceedings before the Social Security Administration. Applying the maxim of statutory construction *expressio unius est exclusio alterius*, the express congressional authorization for recovery of fees in adversary agency adjudications coupled with the lack of authorization for recovery of fees in nonadversary adjudications indicates Congress' intent not to authorize recovery of fees in nonadversary agency adjudications. See *TVA* v. *Hill*, 437 U. S. 153, 188 (1978).

The majority's dismissal of these arguments misses the mark. First, the majority takes the position that a "civil action" includes remand proceedings before the Social Security Administration because a formal complaint remains pending

in court and depends on the outcome of the administrative proceeding for its resolution. *Ante,* at 892. But the mere retention of jurisdiction while the case is on remand before the agency does not transform fees incurred before the agency into fees incurred before the court. It was the Social Security Administration that conducted the proceedings on remand, and it was the Social Security Administration that ultimately made the award of benefits in this case, not the District Court. All the District Court did was to dismiss respondent's petition for judicial review once the agency had made its award on remand, which surely is not enough to characterize the agency proceedings as part of an ongoing civil action in court.

In this regard, the majority's reliance on *Pennsylvania* v. *Delaware Valley Citizens' Council,* 478 U. S. 546 (1986), and *New York Gas Light Club, Inc.* v. *Carey,* 447 U. S. 54 (1980), see *ante,* at 880–890, is misplaced. In *Delaware Valley,* we interpreted §304(d) of the Clean Air Act, 42 U. S. C. §7604(d), which allows the "court" to award fees "in issuing any final order in any action brought pursuant to" §304(a) of the Act, as allowing recovery of fees incurred in enforcing a consent decree in administrative proceedings. But that Act applied to fee awards in "any action" brought under the Act, and did not expressly limit the award to fees "incurred . . . in any civil action . . . brought . . . in any court," as the statute does here. Moreover, the legislative history of the Clean Air Act equated "action" with "proceeding," suggesting a broader meaning to the term, and certainly did not expressly reject the construction we gave to the statute. Cf. *infra,* at 897–899. The same is true of *Carey,* in which this Court construed 42 U. S. C. §2000e–5(k), authorizing "the court" to award fees "[i]n any action or proceeding under this title," as well as *Webb* v. *Dyer County Bd. of Education,* 471 U. S. 234, 243 (1985) (construing 42 U. S. C. §1988), and *North Carolina Dept. of Transportation* v. *Crest Street Community Council, Inc.,* 479 U. S. 6, 15 (1986) (same), also cited by the

majority. In short, these decisions have no application to the EAJA because its plain language indicates otherwise, as even the Court of Appeals in this case recognized. 839 F. 2d 1453, 1459 (CA11 1988).

Second, the majority rejects any negative implication from the express coverage of adversary agency adjudications by the statute. The majority reasons that the fact that "Congress carved the world of EAJA proceedings into 'adversary adjudications' and 'civil actions' does not necessarily speak to, let alone preclude, a reading of the term 'civil action' which includes administrative proceedings necessary to the completion of a civil action." *Ante*, at 892. But of course that necessarily is what the statute does. Maxims of statutory construction tell us what Congress ordinarily means when it expresses itself in certain ways. When Congress "carved the world of EAJA proceedings into 'adversary [agency] adjudications' and 'civil actions,'" excluding nonadversary agency adjudications, it meant that nonadversary agency adjudications, including remand proceedings before the agency, are not covered by the EAJA. The majority's argument is no more than fancy footwork.

I find the statutory language plainly and unambiguously to preclude the construction given the EAJA by the majority. But even if the language of the statute might somehow be seen as ambiguous, its legislative history makes unmistakably clear that Congress did not intend fees to be awarded under the EAJA for work done in proceedings on remand before the Social Security Administration.

Little need be said because the legislative history is so straightforward. That history makes clear that in reenacting the EAJA, Congress considered and rejected a provision that would have extended the EAJA to administrative proceedings before the Social Security Administration, including those on remand from district court. An early version of the 1984 bill reenacting the EAJA defined adversary adjudications to include "hearings pursuant to section 205 and sec-

tion 1631 of the Social Security Act." S. Rep. No. 98–586, pp. 16, 33 (1984). This version was rejected by the House, 130 Cong. Rec. 24828–24829 (1984) (remarks of Rep. Morrison), and not included in the bill as passed by Congress, *id.*, at 29280 (remarks of Sen. Heflin), which was ultimately vetoed by the President. The bill that was passed by Congress in 1985 and ultimately signed into law likewise did not contain that language. Senator Heflin, an active supporter of the provision extending the EAJA to Social Security proceedings, acknowledged that this effort failed because of "institutional opposition." He stated: "While I believe this is an area ripe for protection, political realities dictate otherwise. And this seems to be a fight which will have to be fought another day." 131 Cong. Rec. 20350 (1985).

There is no suggestion in the legislative history that remand proceedings were somehow included elsewhere in the EAJA. To the contrary, the House Report on the 1985 reenactment expressly states that fees cannot be recovered under the EAJA in precisely the situation facing the Court. The House Report reads as follows:

> "The court will usually decline to make an award upon the remand decision because the remand order did not yet make the applicant a 'prevailing party' and therefore eligible under the EAJA. . . . [T]he remand decision is not a 'final judgment,' nor is the agency decision after remand. Instead, the District Court should enter an order affirming, modifying, or reversing the final HHS decision, and this will usually be the final judgment that starts the 30 days running. . . . As . . . courts have found the only fees which will be available will be for those activities *undertaken in connection with the initial proceedings and not those associated with the administrative proceeding.*" H. R. Rep. No. 99–120, pt. 1, pp. 19–20 (1985) (emphasis added).

This discussion does not, as respondent asserts, refer only to the initial administrative proceeding and not the proceeding

on remand. Instead, this language affirms what the language of the EAJA likewise makes plain: that the EAJA does not authorize recovery of fees incurred in remand proceedings before the Social Security Administration.

Our duty is to apply statutes as they were enacted by Congress, not to take it upon ourselves to overcome the "political realities" that blocked what we might consider to be good legislation. However desirable it might be as a matter of policy for Social Security claimants to be able to recover attorney's fees for proceedings on remand before the agency, that is not the statute that Congress enacted. Therefore, I dissent.