902 F.2d 36
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edith YOUNGER for Jill YOUNGER and Walter Younger, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
Vicki Hulet for Drenna Hulet, Intervening Defendant-Appellee
 No. 89-1737.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1990.
 
 Before KENNEDY and WELLFORD, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The widow of a deceased wage earner, Edith Younger, acting on behalf of herself and the wage earner's minor children, challenged a decision of the Social Security Administration to award survivor's benefits to an illegitimate minor found to be the "child" of the wage earner. She ultimately prevailed in her challenge in a case decided by this Court. Younger for Younger v. Secretary of Health and Human Services, 856 F.2d 197 (6th Cir.1988) (unpublished per curiam). She brought this further appeal to challenge a decision of the District Court denying her attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(d)(1)(A).
 
 
 2
 The wage earner, Anthony Younger, died October 19, 1983. After his death, Vicki Hulet filed an application for benefits on behalf of her minor child, Drenna Hulet. Drenna Hulet was born September 28, 1983, some three weeks before Anthony's death. For approximately two years before this date, Anthony Younger had an intimate relationship with Vicki Hulet, spending most of his weekends with her. In May of 1983, Anthony suffered two severe strokes that left him a quadriplegic. After the second stroke, he was unable to speak. Though he never signed a written statement admitting that the child was his, the record in the prior case contained depositions in which several persons claimed to have heard Anthony admit that the then unborn child was his. Additionally, there was evidence that Anthony had given Vicki Hulet $100 for a deposit and $100 for the first month's rent on a mobile home.
 
 
 3
 On this evidence, the Administrative Law Judge and the District Court in the prior case--though not the magistrate to whom the case had been referred--awarded Drenna Hulet survivor's benefits. They treated Drenna Hulet as if she were Anthony Younger's posthumous child and followed cases from other circuits[1] applying a less rigorous support standard where the parent dies before the child is born. A panel of this Court reversed, holding that Anthony Younger's illness was not tantamount to death and that the small amount of support provided by Anthony Younger did not comport with the statutory requirements of 42 U.S.C. Sec. 416(h)(3)(C)(ii).[2]
 
 
 4
 Under the Equal Access to Justice Act, a court cannot award attorney fees and other expenses if the position of the government was "substantially justified." Essentially, a decision is substantially justified if it is reasonable. Sullivan v. Hudson, 109 S.Ct. 2248, 2254 (1989); Pierce v. Underwood, 487 U.S. 552, 565 (1988). Having examined all of the decisions in the prior appeal, as well as the record and briefs before us, we cannot say that the Secretary's position was not substantially justified. While a panel of this Court ultimately determined that the Secretary's legal conclusions were not correct, they were not out of line with prior decisions that had been affirmed by other courts. For this reason as well as all the reasons stated by the Magistrate and the District Court below, we AFFIRM the order of the District Court denying the plaintiff's request for attorney fees.
 
 
 
 [1]
 See, e.g., Adams v. Weinberger, 521 F.2d 656 (2d Cir.1975)
 
 
 [2]
 This section provides that in the case of a deceased individual that a child shall be deemed to be the individual's child if:
 such insured individual is shown by evidence satisfactory to the Secretary to have been the mother or father of the applicant, and such insured individual was living with or contributing to the support of the applicant at the time such insured individual died.