**McArthur JONES, Appellant, VA File No. 426 94 8245,**

and

**Martin M. Karnas, Appellant, VA File No. 25 234 808,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

Nos. 90–58, 90–312.

United States Court of Veterans Appeals.

March 9, 1993.

William G. Smith, Los Angeles, CA, for appellant Jones.

Ruth Eisenberg, National Veterans Legal Services Project, Washington, DC, for appellant Karnas.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, MANKIN, HOLDAWAY, IVERS, and STEINBERG, Associate Judges.

## ORDER

PER CURIAM.

On March 13, 1992, the Court, en banc, denied appellants' motions for awards of, variously, costs, fees, and expenses, under subsections (a), (b), and (d) of 28 U.S.C. § 2412 (1991), holding that none of those provisions authorized such awards by this Court. *Jones v. Derwinski*, 2 Vet.App. 231 (1992) (en banc). Appellants then appealed that decision to the U.S. Court of Appeals for the Federal Circuit. On October 29, 1992, section 506 of the Federal Courts Administration Act of 1992, Pub.L. 102–572, 106 Stat. 4506, 4513 (1992) (FCAA), amended 28 U.S.C. § 2412(d)(2)(F) to provide that this Court is a "court" "for the purposes of" subsection (d). The amendment was specifically made applicable to any case pending before this Court, or before the Federal Circuit on appeal from this Court, on the date of the enactment of the Act. FCAA, § 506(b). On November 19, 1992, pursuant to the parties' joint motion for remand, the Federal Circuit, citing the enactment of FCAA § 506(b), remanded appellants' claims to this Court "for further proceedings consistent with the 1992 amendments." *Jones v. Principi*, No. 92–7047, slip op. at 2, 1992 WL 383295 (Fed. Cir. Nov. 19, 1992).

On December 14, 1992, appellant Jones, through counsel, filed an amended motion for an award of attorney fees under subsections (b) and (d) of 28 U.S.C. § 2412, and a declaration by appellant's counsel in support thereof. On December 14, 1992, the National Veterans Legal Services Project (NVLSP), as amicus and not in its capacity as counsel for appellant Karnas, filed a brief in support of appellant Jones. On February 12, 1993, the Secretary of Veterans Affairs (Secretary) filed a response to appellant Jones' application. On March 1, 1993, the NVLSP, as amicus in the appeal of appellant Jones, submitted a reply to the Secretary's February 12 filing. On that same day, appellant Jones, through counsel, submitted an out-of-time motion for leave to file a reply to the Secretary's February 12 filing and for an extension of time until March 11, 1993, to file that reply.

Pursuant to Interim Rule 39(d), adopted February 1, 1993, of this Court's Rules of Practice and Procedure, appellants were permitted to file a reply within 14 days after the Secretary's response was served. Appellants' replies were thus due no later than February 26, 1993.

On consideration of the foregoing, it is

ORDERED, that the parties, not later than 30 days after the date of this order, file briefs addressing, inter alia, the following issues:

(1) Whether, pursuant to the FCAA, (A) this Court has authority to award "costs" and "reasonable fees and expenses of attorneys" under subsections (a) and (b) of 28 U.S.C. § 2412, or whether the Court's authority under § 2412 is limited to awarding "fees and other expenses" under subsection (d); and (B) if the former, what would be the source of and authority for the payment of such costs, fees, and expenses (other than when the United States is found to have "acted in bad faith", as described in 28 U.S.C. § 2412(c)(2)).

(2) Whether, under the rationale of *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), and *Melkonyan v. Sullivan*, — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), fees and expenses under subsection (d) of 28 U.S.C. § 2412 could be recovered for representation before the Board of Veterans' Appeals or a Department of Veterans Affairs regional office, or both, in connection with consideration of the claim for service connection in *Jones* and, if so, whether, under that rationale, they could also be recovered for such representation in connection with consideration of the assignment of a rating and an effective date for the award of service connection.

(3) Whether, in view of the procedural facts, including this Court's prior denial of appellants' motions for costs, fees,

and expenses, each appellant has filed a timely motion for an award of fees and/or expenses as required by 28 U.S.C. § 2412(d)(1)(B).

The Court further invites the parties to supplement their prior briefs to account for subsequent relevant caselaw and to clarify any arguments pertaining to the criteria for granting an award of fees and other expenses and the manner of determining the amount of the award. The Court further invites any other interested person or entity, as amicus curiae, to submit a brief upon the foregoing issues, or to supplement a previously submitted brief, within 30 days after the date of this order. Appellants and amici in any such brief may also respond to the arguments presented in the Secretary's February 12 filing. It is further

ORDERED that, in view of the preceding paragraph, appellant Jones' March 1, 1993, motion for leave to file a response and for an extension of time are dismissed as moot and amicus NVLSP's March 1, 1993, response is accepted for filing without prejudice to NVLSP's filing a brief in response to this order as amicus or as counsel to appellant Karnas, or in both capacities.

Before KRAMER, Associate Judge.