1 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John IKER, Plaintiff-Appellee,
v.
Donna E. SHALALA, Secretary of Health and Human Svcs.,
Defendant-Appellant.
 No. 92-5233.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1993.
 
 Before: MARTIN and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This social security appeal began when John Iker applied for supplemental social security income benefits with the Secretary of Health and Human Services. His application was denied at all administrative levels, but upon appeal to the United States District Court for the Eastern District of Kentucky, the decision of the Secretary was found to be without substantial evidence, and the case was remanded to the Secretary for the awarding of benefits. The benefits were paid to Iker, and Iker then sought a refund of attorneys fees as the prevailing party, pursuant to the Equal Access to Justice Act, 20 U.S.C. Sec. 2412. The district court subsequently awarded fees, even though Iker had not filed the application for fees within thirty days of the date that the district court's remand order became final.
 
 
 2
 The Secretary appealed the award of fees. The case was heard by a panel of our court, and it was determined that the case would be held in abeyance until the decision of the United States Supreme Court in Shalala v. Schaefer, No. 92-311, 1993 WL 218284 (U.S. June 24, 1993).
 
 
 3
 In Schaefer, 1993 WL 218284, at * 4, the Supreme Court recognized the existence of a narrow class of cases in which the district court remands a social security action pursuant to sentence four of 42 U.S.C. Sec. 405(g), but where the district court retains jurisdiction over the action pending completion of the administrative proceedings. See also Sullivan v. Hudson, 490 U.S. 877 (1989). Schaefer, 1993 WL 218284, at * 4, clearly stated that such practice under sentence four of section 405(g) was inappropriate. However, Schaefer also stated that the district court could properly award fees in that narrow class of cases, if there has been no objection to the district court's retention of jurisdiction, even though the fees application is not filed within thirty days of the date that the district court's remand order becomes final. Id.
 
 
 4
 In this case, the district court retained jurisdiction over the action, without objection, despite its remand under sentence four. Thus, its award of attorneys fees to Iker was appropriate. There being no other issue before us in this case, the judgment of the district court is hereby affirmed.