Curtis v. HHS                              CV-92-476-JD  04/26/95
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE

Susan Curtis

        v.                               Civil No. 91-476-JD

Secretary, Health
& Human Services


                              O R D E R


        The plaintiff, Susan Curtis, moves the court for an award of

attorney's fees and costs (document no. 19) under the Equal

Access to Justice Act (EAJA), codified at 5 U.S.C. § 504, 28

U.S.C. § 2412, in the amount of $9,231.14[1] plus $166.00 in filing

fees and marshal's service costs incurred in the filing of her

appeal from the denial of her social security disability claim by

the defendant, the Secretary of Health and Human Services

("Secretary").  The Secretary requests the court to deny the

plaintiff's motion to the extent the plaintiff seeks an award of

attorney's fees for services rendered in administrative

proceedings following the sentence four remand.  Defendant's

Memorandum in Opposition to Plaintiff's Motion for EAJA Fees

("Defendant's Memorandum") at 2-8.  Specifically, the Secretary

_____

        [1]This amount represents 78.23 hours counsel has expended
representing Mrs. Curtis in her federal court appeal and remand
proceedings at a rate of $118 per hour.

contends the plaintiff's award should be limited to $4,838[2] in attorney's fees plus $166 in costs. Defendant's Memorandum at 8.

## Background

In its order of November 30, 1992 (document no. 9), the court remanded the plaintiff's social security disability claim to the Secretary for further administrative proceedings pursuant to sentence four of section 205(g) of the Social Security Act, codified at 42 U.S.C. § 405(g). On December 11, 1992, the defendant moved for reconsideration of the November 30, 1992, order. Defendant's Motion for Reconsideration of the Court's November 30, 1992 Order (document no. 12). The court denied this motion in its order of January 6, 1993 (document no. 14). Following a further hearing before the administrative law judge (ALJ) responsible for the initial decision, the ALJ reaffirmed his previous denial of the plaintiff's claim on August 12, 1993. Subsequently, the plaintiff filed an appeal with the Appeals Council which issued a favorable decision for the plaintiff on August 8, 1994.

On December 12, 1994, the court granted the plaintiff's requests (1) "that the Secretary be ordered to prepare a

---

[2]This amount represents 30.75 hours of service between August 12, 1991, and December 2, 1992, the date plaintiff's counsel received the court's order of November 30, 1992, plus 10.25 hours spent on the preparation of the fee petition, at a rate of $118 per hour.

supplemental transcript with all proceedings copied and transcribed which have occurred since the Appeals Council decision of August 8, 1994," Motion to Reopen (document no. 16) at 3, and (2) that the court "[i]ssue a final judgment pursuant to 42 U.S.C. § 405(g), fourth sentence so all appropriate fee motions under 42 U.S.C. § 406(b) and Equal Access to Justice Act may be filed." Id. On December 13, 1994, the clerk entered judgment in accordance with the court's December 12, 1994, order. The plaintiff's motion for EAJA fees followed on January 11, 1995.

### Discussion

The plaintiff contends that under Sullivan v. Hudson, 490 U.S. 877 (1989), she is entitled to fees incurred during the post-remand administrative proceedings. Plaintiff's Motion for EAJA Fees ("Plaintiff's Motion") at 3-6. The defendant argues that under Shalala v. Schaefer, 113 S. Ct. 2625 (1993) (decided on June 24, 1993) the plaintiff cannot be awarded EAJA fees for services rendered in administrative proceedings. Defendant's Memorandum at 2-8. In response, the plaintiff argues that the court "should not apply Schaefer retroactively because it would be inequitable to the Plaintiff." Plaintiff's Motion, ¶ 24. Because the court finds that Shalala v. Schaefer does not alter the plaintiff's rights with respect to fees incurred during the post-remand administrative proceedings, the court does not address the retroactivity issue.

3

The EAJA provides in pertinent part that

> [a] party seeking an award of fees and other
> expenses shall, within thirty days of final
> judgment in the action, submit to the court
> an application for fees and other expenses
> which shows that the party is a prevailing
> party and is eligible to receive an award
> under this subsection . . . .

28 U.S.C. § 2412(d)(1)(B).

In Sullivan v. Hudson, 490 U.S. 877, the Court acknowledged that under the EAJA certain "administrative proceedings may be so intimately connected with judicial proceedings as to be considered part of the 'civil action' for purposes of a fee award." Id., 490 U.S. at 892. The Court further stated,

> where a court orders a remand to the Secretary in a
> benefits litigation and retains continuing jurisdiction
> over the case pending a decision from the Secretary
> which will determine the claimant's entitlement to
> benefits, the proceedings on remand are an integral
> part of the 'civil action' for judicial review, and
> thus attorney's fees for representation on remand are
> available subject to the other limitations of the EAJA.

Hudson, 490 U.S. at 892.

In Shalala v. Schaefer the Court held that a sentence four remand constitutes a final judgment under section 2412(d), 113 S. Ct. at 2628, and that a claimant who obtains a favorable judgment under sentence four is a prevailing party under section 2412(d), id. at 2631-32. The Court also held that when a district court remands a case pursuant to sentence four, the court must enter judgment immediately rather than retaining jurisdiction and entering judgment following post-remand administrative

4

proceedings. Id. at 2629. However, the Court determined that when a district court fails to enter judgment upon ordering a sentence four remand, the 30-day time period does not begin to run until a formal judgment is entered in compliance with Fed. R. Civ. P. 58 which "requires a district court to set forth every judgment 'on a separate document' and provides that '[a] judgment is effective only when so set forth.'" Id. at 2632 (quoting Fed. R. Civ. P. 58).

Additionally, with regard to Sullivan v. Hudson, 490 U.S. 877, the Court in Schaefer observed,

> We specifically noted in Melkonyan [v. Sullivan, 501 U.S. 89 (1991)] that Hudson was limited to a "narrow class of qualifying administrative proceedings" where "the district court retains jurisdiction of the civil action" pending the completion of the administrative proceedings. . . . 111 S. Ct., at 2162. We therefore do not consider the holding of Hudson binding as to sentence-four remands that are ordered (as they should be) without retention of jurisdiction, or that are ordered with retention of jurisdiction that is challenged.

Shalala v. Schaefer, 113 S. Ct. at 2630-31.

"Ordinarily, claimants whose cases are remanded under sentence four may not recover attorney's fees for post-remand administrative proceedings. There is an exception to this general rule, however, where the district court fails to enter an order of final judgment upon remand and neither party challenges this omission." Flores v. Shalala, 1995 U.S. App. LEXIS 4590, at *27 (9th Cir. March 9, 1995). In Flores, the Ninth Circuit held, "[b]ecause the district court in this case failed to enter an

5

order of final judgment at the time of remand, and neither party objected, [the claimant] is entitled to recover post-remand attorney's fees." Id.

Here, the court did not enter an order of final judgment at the time of remand and neither party objected. Accordingly, the court finds that the plaintiff is entitled to recover post-remand attorney's fees.


## Conclusion

The court grants the plaintiff's motion for an award of attorney's fees and costs (document no. 19) against the defendant in the amount of $9,231.14 for attorney's fees and $166.00 in filing fees and marshal's service costs.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

April 26, 1995

cc:  Raymond J. Kelly, Esquire
     Elaine Marzetta Lacy, Esquire

6