

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2002

# Green v. Comm Social Security

Precedential or Non-Precedential:

Docket 1-2541

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Green v. Comm Social Security" (2002). *2002 Decisions.* Paper 105.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/105

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

REPORTED – NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2541
_____

ALBERT D. GREEN,

Appellant

v.

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY
_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 00-cv-00487)
District Judge:  The Honorable William H. Yohn, Jr.

_____


Submitted Under Third Circuit LAR 34.1(a)
January 22, 2002

BEFORE: NYGAARD and STAPLETON,  Circuit Judges,
and CAPUTO, District Judge.


(Filed:  February 5, 2002)

_____

OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.
    Appellant, Albert D. Green, appeals from an order of the District
Court granting
summary judgment in favor of the Commissioner of the Social Security
Administration,
alleging as error the issues listed in paragraph I, taken verbatim from
Appellant's brief.
Because we conclude that the Commissioner's finding that Green has a
marginal
education is not supported by substantial evidence, and because the
Commissioner failed

to make a finding whether Green is illiterate, we will reverse and remand.

I.

The allegations of error asserted by Appellant are as follows:

1. Is the Commissioner's finding that Mr. Green has a marginal education, and his failure to make a finding whether Mr. Green is illiterate, supported by substantial evidence and does it represent a reversible error of law?

2. Did the Commissioner commit a reversible error of law by failing to provide for the testimony at the hearing of a medical expert to evaluate whether Mr. Green's heart disease met or equaled Listing 4.02 of the Listing of Impairments?

3. Is the Commissioner's finding that Mr. Green has the residual functional capacity to perform a limited range of sedentary work and can perform jobs such as order clerk and system surveillance monitor supported by substantial evidence?

4. Is the Commissioner's finding that Mr. Green's allegations of subjective symptoms and limitations arising therefrom are generally credible, but only to the extent that he is limited to performing a reduced range of sedentary work activity, supported by substantial evidence?

II.

The facts and procedural history of this case are well known to the parties and the court. We see no reason to restate them here. Relevant to our decision is the Commissioner's Finding No. 10 that "[t]he claimant has a 'marginal' sixth grade education." (Tr. 19). Under the Social Security Regulations, one of the vocational factors used to determine whether a claimant can obtain substantially gainful employment is the claimant's educational level. 20 C.F.R. 404.1564. The Commissioner uses the following mutually-exclusive categories for describing the claimant's educational level: (1) illiteracy; (2) marginal education; (3) limited education; (4) high school education and above. Id.

In this case, the Commissioner found that Green had a marginal education, despite

substantial evidence that Green was, in fact, illiterate.  In particular, Green testified at his hearing that he cannot read a newspaper.  (Tr. 41).  It appears that the Commissioner relied solely upon Green's formal education in deciding that Green had a marginal education.  Green testified that he left school in the seventh grade, thus having completed the sixth grade.  (Tr. 40-41).  The Regulations define "marginal education" as:

> Marginal education means ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs.  We generally consider that formal schooling at a 6th grade level or less is a marginal education.

20 C.F.R.  404.1564(b)(2).  However, one's completion of the sixth grade is not conclusive evidence that one has a marginal education.  The Regulations themselves require that only "if there is no other evidence to contradict it, we will use your numerical grade level to determine your educational abilities."  20 C.F.R. 404.1564(b).  In Green's case, there is evidence to contradict a presumption that Green's completion of the sixth grade means that he has a marginal education, so the Commissioner needs to consider the evidence that Green is illiterate and make a finding in that regard.

On appeal, the Commissioner points to evidence which he argues is sufficient to sustain his decision.  We disagree.  The Commissioner reminds us that Green reported he had an eighth-grade education, and later testified he had a sixth-grade education.  The Commissioner argues this "is a marginal education."  Again, we emphasize that a claimant's grade level should be used to determine the claimant's level of education only when "there is no other evidence to contradict it."  20 C.F.R.  414.1564 (emphasis added).  It certainly was not the case here that there was no other evidence to contradict a presumption that Green's sixth-grade education meant that he had a marginal education. Green testified that he could not read, and the Commissioner failed to explain his decision in light of that testimony.  On appeal, the Commissioner calls Green's testimony a "subjective statement," but we remind the Commissioner that proceedings for Social Security benefits are non-adversarial, see Sullivan v. Hudson, 490 U.S. 877, 891 (1989), and if the Commissioner had doubts about Green's testimony because it was "subjective,"

he could have easily resolved those doubts by administering an "objective" test, such as asking Green to read a brief passage and to write a short note.

The Commissioner also argues on appeal that Green's past work history as a grocery store owner and operator contradicts a finding of anything less than a marginal education. But the Commissioner mischaracterizes the evidence. He argues that "Green stated that his tasks included writing, completing reports, or performing similar duties." But the "Disability Report" cited in support is inconclusive. In response to the question, "In your job did you: Do any writing, complete reports, or perform similar duties?" Green checked the "Yes" box. (Tr. 91). His "yes" answer may refer to the "perform similar duties" part of the question and does not necessarily mean Green is literate. The Commissioner also points to Green's statements that he kept records and made grocery orders. But Green's full statement was, "I used an electric saw, slicer, cash register. I had to keep record of receipts for accountant, grocery orders (thing neeeded [sic] for the store). I had two people that worked for me." (Tr. 91). This is not proof that Green is literate. One can keep records and make orders without being able to read and write. Indeed, Green testified that he "remeberized [sic] things" and that his mother helped him. (Tr. 42).

We hold that there is not substantial evidence on the record to support the Commissioner's finding that Green had a marginal education. We will remand for reconsideration of that finding, as well as for a specific finding as to whether Green is literate. Furthermore, in light of our disposition, the Commissioner may find it necessary to reconsider his finding that Green's transferability of skills is not a factor.

                                    III.

In sum, and for the foregoing reasons, we will reverse the order of the District Court dated the 28th day of February, 2001, and entered on the docket March 5, 2001, and will remand with instructions to return this matter to the Commissioner for further proceedings consistent with this opinion. We affirm as to the Appellant's other allegations of error.

_____

TO THE CLERK:

    Please file the foregoing opinion.


                         /s/ Richard L. Nygaard
                            Circuit Judge