[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14651
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cv-00447-CPT

MARY JEANETTE MAXWELL,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 16, 2019)

Before MARCUS, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Mary Jeanette Maxwell appeals the district court's order affirming the Social Security Commissioner's denial of Maxwell's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). She argues that, after she won on initial judicial review, the administrate law judge ("ALJ") improperly exceeded the district court's instructions on remand. On further judicial review, the district court disagreed with her argument and affirmed the Commissioner's decision. We now affirm the district court.

## I

In 2008, Maxwell applied for DIB and SSI. Various administrative proceedings ensued. In a 2012 decision, the ALJ concluded that Maxwell was not disabled.

Maxwell sought judicial review. The district court found that the ALJ did not "explicitly address" Maxwell's and her physician's testimony regarding her limited ability to reach. Maxwell's physician, for example, opined that she could reach for only 10% of the workday. The district court found this evidence "pertain[ed] directly" to Maxwell's alleged disability and that the ALJ was required to consider it. The ALJ may have, according to the district court, conflated *reaching* limitations with *manipulative* (handling and fingering) limitations. And with respect to the manipulative-limitations analysis, the district court noted a separate problem. Although the ALJ found that Maxwell could

2

"occasionally handle (gross manipulation) and finger (fine manipulation) bilaterally" and that her alleged manipulative difficulties were "non-severe" because her physician noted no relevant deficits, the ALJ also found that "[m]anipulative restrictions are appropriate based on complaints of hand numbness and occasional diagnosis of carpal tunnel syndrome." The district court described this discrepancy as "confusing." In short, because the ALJ had not adequately articulated its reasoning, the court could not "ascertain whether the ALJ's conclusions were rational and supported by substantial evidence." The district court reversed in relevant part and "remanded for further proceedings consistent with [its] Order."

In 2016, after a new hearing, the same ALJ issued a new order finding Maxwell was not disabled. The ALJ concluded that Maxwell could "frequently preform [*sic*] gross and fine manipulations and frequently reach in all directions." The ALJ discounted Maxwell's physician's opinion based on Maxwell's lack of treatment from 2012 through 2016; inconsistencies in the physician's testimony; poor recordkeeping; and conflicting testimony of another physician regarding manipulation skills.

Maxwell again sought judicial review, arguing only that the ALJ had exceeded the court's mandate on remand. The district court disagreed and affirmed the Commissioner's decision. Maxwell appealed.

3

## II

A reviewing court examines *de novo* whether the ALJ has complied with a remand order. *See Sullivan v. Hudson*, 490 U.S. 877, 885–86 (1989). "We review application of the law of the case doctrine *de novo*." *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1331 (11th Cir. 2005).

"The doctrine of the law of the case 'preclude[s] courts from revisiting issues that were [already] decided.'" *Cambridge Univ. Press v. Albert*, 906 F.3d 1290, 1299 (11th Cir. 2018) (quoting *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005)). The doctrine encompasses issues that were "decided explicitly or by necessary implication." *This That & the Other Gift & Tobacco, Inc. v. Cobb Cty.*, 439 F.3d 1275, 1283 (11th Cir. 2006) (quoting *Schiavo*, 403 F.3d at 1291)). The mandate rule is "nothing more than a specific application of the 'law of the case' doctrine," one that requires strict compliance with the appellate mandate. *Cambridge Univ. Press*, 906 F.3d at 1299 (quoting *Transamerica Leasing*, 430 F.3d at 1331). Under the mandate rule, the lower court "must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Id.* (quoting *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985)).

4

## III

Maxwell argues that the district court remanded only for the ALJ to determine her capacity to reach, not her manipulation abilities. Thus, she contends, the ALJ violated the law of the case doctrine or the mandate rule[1] by making new findings regarding manipulation.

We disagree. The district court's order made no finding, expressly or impliedly, regarding the ALJ's manipulation determination—except that it was "confusing" and may have been improperly conflated with the reaching determination. Thus, there was no law of the case regarding manipulation. And as Maxwell admits, there was also no law of the case regarding reaching. The district court asked the ALJ for a do-over so that it could "ascertain whether the ALJ's conclusions were rational and supported by substantial evidence." It envisioned a new finding that was not confusing and that did not conflate separate lines of analysis. The ALJ complied with the order's "letter and spirit," *see Cambridge Univ. Press*, 906 F.3d at 1299, by engaging in a lengthy discussion that decoupled the reasoning regarding manipulation and reaching. Having evaluated the evidence differently, as he was instructed to do, the ALJ concluded Maxwell could manipulate frequently rather than occasionally. Although Maxwell seems to

---

[1] We have not decided in a published opinion whether the law of the case doctrine or the mandate rule applies in the context of DIB and SSI appeals. We assume *arguendo* that the doctrines do apply.

believe the ALJ should have reached a different conclusion, she has not asked us to examine whether substantial evidence supports the ALJ's decision.  Because we reject her only argument on appeal, we affirm the district court's judgment.

**AFFIRMED.**