Lester CANADY, Plaintiff–Appellee,

v.

Louis W. SULLIVAN, Secretary of Health & Human Services, Defendant–Appellant.

No. 89–5411.

United States Court of Appeals, Eleventh Circuit.

Feb. 6, 1990.

William Kanter, U.S. Dept. of Justice, Appellate Staff, Civ. Div., Matthew M. Collette, Washington, D.C., for defendant-appellant.

Gary Palmer, North Miami Beach, Fla., for plaintiff-appellee.

Before HATCHETT, EDMONDSON, Circuit Judges, and BRIGHT *, Senior Circuit Judge.

PER CURIAM:

The Secretary of Health and Human Services appeals an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (Supp. V 1987) to claimant/appellee Lester Canady's attorney in the sum of $11,900. The Secretary contends the district court[1] relied on an improper standard in reaching its decision to award attorney fees. We affirm.

This appeal relates to Canady's efforts to obtain disability benefits for the residual effects of injuries sustained in an automobile accident in 1971. Canady began receiving disability benefits in February 1975; these benefits terminated, however, in 1982. Canady then reapplied for benefits in January 1983 but the Secretary denied this application.

Following Canady's third application for benefits on June 16, 1983, several administrative and district court hearings were held. On appeal from a denial of benefits, this court remanded the case to the Secre-

---

* Honorable Myron H. Bright, Senior U.S. Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

1. The Honorable Eugene P. Spellman, United States District Judge for the Southern District of Florida.

tary for consideration of new medical evidence. *Canady v. Heckler*, 785 F.2d 1035 (11th Cir.1986) (per curiam). In September 1988 the Secretary ultimately acknowledged the obligation to pay disability benefits to Canady. The district court subsequently entered final judgment.

Canady's attorney then moved for attorney fees under the EAJA and the district court awarded attorney fees. This timely appeal followed.

The parties agree on this appeal that an award of attorney fees under the EAJA requires a determination that the Government's position was not substantially justified. Although the standard for an award of attorney fees is clearly set forth in the statute,[2] the Government and Canady disagree whether the district court properly relied on the statutory standard of "substantially justified" in its decision.

 Appellate review of the substantially justified standard in EAJA cases is one of abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 2548–49, 101 L.Ed.2d 490 (1988); *Jean v. Nelson*, 863 F.2d 759, 767 (11th Cir.1988), *petition for cert. filed*, No. 89–601 (U.S. Oct. 13, 1989). In reviewing the district court's decision here, we observe the district court recited the appropriate statutory requirements:

> The EAJA allows the award of attorney fees and costs provided that:
>
> 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the U.S.;
>
> 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of final judgment in the action,
>
> 3) the position of the government is not substantially justified and
>
> 4) no special circumstances make an award unjust.

> The absence of any one of the above factors shall preclude an award of fees. 28 U.S.C. § 2412(d)[1](A)[-](B).

The district court further stated that "[t]he test of whether or not the government's position was substantially justified is whether the government's case 'had a reasonable basis both in law and fact.' *Haitian Refugee Center, Inc. v. Meese*, 791 F.2d 1489, 1497 (11th Cir.1985 [1986] )."

In disputing the district court's determination, the Secretary contends that notwithstanding an appropriate articulation of the applicable law, the district court in fact used an improper standard, awarding attorney fees solely because the ALJ's ruling denying the administrative decision was not supported by "substantial evidence."

We reject this contention. The district court's opinion did specifically refer to the absence of substantial evidence to support the ALJ's determination that Canady could perform sedentary work and therefore did not qualify for disability payments. A full review of the record and of the district court's opinion in context, however, indicates that the reference to substantial evidence addressed the Secretary's defense of the merits and that defense lacked a reasonable basis in fact.

Accordingly, we reject the Secretary's appeal. The district court acted within its discretion in determining that the Secretary's position in the underlying litigation was not substantially justified. We further observe that rather than taking an appeal, the Secretary might have avoided additional appellate litigation by requesting the district court to reconsider the award of attorney fees on the ground that the district court may have relied on an improper standard in reaching its decision.

 Finally, Canady is also entitled to attorney fees for this appeal, *see Jean*, 863 F.2d at 780; *Hudson v. Secretary of*

---

**2.** 28 U.S.C. § 2412(d)(1)(A) reads:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than

cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

*Health & Human Servs.*, 839 F.2d 1453, 1458 n. 7 (11th Cir.1988), *aff'd,* —— U.S. ——, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), plus interest, *see* 28 U.S.C. § 2412(f) (Supp. V 1987), with these additional amounts to be determined and added to the fee award on remand of this case to the district court.[3]

Accordingly, this case is AFFIRMED and REMANDED for further proceedings consistent with this opinion.

---

3. We reject Canady's claim for an enhanced fee award because we determine the record does not demonstrate any special factor justifying an enhanced fee award under 28 U.S.C. § 2412(d)(2)(A)(ii) (Supp. V 1987).