Carmen L. **RODRIGUEZ**, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
Defendant.

**Civ. No. 90–2093(PG).**

United States District Court,
D. Puerto Rico.

July 21, 1992.

Ramón Rivera Esteves, San Juan, P.R., for plaintiff.

José Vázquez García, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

### I. *Introduction*

This case is before this Court on plaintiff's counsel's[1] Application for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (1985), requesting an award pursuant to 28 U.S.C. § 2412 for services rendered in a disability benefits case brought under authority granted by § 205 of the Social Security Act, *as amended,* 42 U.S.C. § 405(g). Mr. Hernández contends that this Court's remand to the Administrative Law Judge ("ALJ")[2] is a final judgment as such term is defined under § 2412(d)(1)(B) of the Equal Access to Justice Act ("EAJA"); therefore, he concludes that he is entitled to an award of attorney fees in the amount of $2,610.00 for a total of thirty (30) billable hours.

This case affords the Court an opportunity to revisit three recent Supreme Court decisions—*Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991); *Sullivan v. Finkelstein,* 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990) and *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989)—and determine what constitutes a final judgment for purposes of disability benefit cases.

### II. *Procedural History*

This case originally featured a heated ping-pong match between the ALJ and the Appeals Council. In a series of stroke/counterstroke moves, the ALJ made three findings of disability while the Council remanded twice before denying Ms. Rodríguez's a third request for review on

1. Juan Hernández Rivera ("Mr. Hernández" or "counsel for the plaintiff").

2. *See* Opinion and Order dated June 10, 1991.

3. *Compare McQuiston v. Marsh,* 707 F.2d 1082, 1085 (9th Cir.1983) (Thirty (30) day filing period

August 2, 1990. *See* Plaintiff's Application for Attorney Fees, ("Pl['s] App."), at ¶ 2. The match continued, substituting this Court for the Council. By Opinion and Order dated June 10, 1991 ("Order"), this Court remanded the case to the ALJ with specific instructions to "... evaluate the realistic possibilities of work performance in an eight-hour work day given plaintiff's limitations." *Id.,* at p. 4.

Plaintiff's counsel argues that this Court's Order was a final judgment in civil matter and thus prays for reasonable attorney fees under EAJA. Defendant counters that plaintiff's application is untimely because the Court's Order is not a final judgment as such term is defined under recent Supreme Court case law.

### III. *The Law*

A prevailing party in an action for disability benefits under § 205 of the Social Security Act is entitled to reasonable attorney fees for services rendered. 28 U.S.C. § 2412. An attorney who seeks such award must file within thirty (30) days of the final judgment in that action in order to obtain adequate remuneration. § 2412(d)(1)(B). Thus, plaintiff is not understood to prevail until such time as final judgment is entered. *Cf. Melkonyan,* 111 S.Ct. at p. 2159.

Although originally a point of contention among the circuits,[3] Justice O'Connor, after reviewing explicit Congressional intent and writing for a unanimous Court in *Melkonyan,* at 2162, stated:

... we hold that a 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30–day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.

begins to run when the District Court entered judgment) *with McDonald v. Schweiker,* 726 F.2d 311, 314 (7th Cir.1983) (Holding that the thirty (30) day period begins to run only after the time to take an appeal from the district court's order has expired).

Fully aware that *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), could be misconstrued as reaching a different conclusion, the Court explained that *Hudson* merely held that " ... in [ ] cases where the district court retains jurisdiction of the civil action following the completion of administrative hearings, a claimant may collect EAJA fees for work done at the administrative level." *Melkonyan*, 111 S.Ct. at p. 2162. This, the Court noted, was not meant to convey that "proceedings on remand" such as the one present before this Court today "are 'part and parcel' of a civil action in federal court for all purposes ...," *id., citing Sullivan v. Finkelstein*, 496 U.S. 617, 630–31, 110 S.Ct. 2658, 2666–67, 110 L.Ed.2d 563 (1990). Thus, the same are not always amenable to an attorney fee award; only administrative proceedings " ... intimately connected with the judicial proceeding could be considered part of the civil action for purposes of a fee award." *Id.*

Mr. Hernández's reading of the relevant case law is counter-intuitive. In essence, he argues that a court's order which may engender further proceedings—including reconsideration of the same—is a final judgment. This position is evidently untenable. While deconstructionists like Jacques Derrida contend that language is inherently equivocal, the illogical interpretation of statutory and procedural requirements is rightly disfavored. According to counsel, *Melkonyan, Hudson* and *Finkelstein* should be understood to favor the proposition that a remand by a district court is a final judgment. This case belies the fallacy of his reasoning to the effect that there is nothing final about a remand that (1) ordered the ALJ to adequately address plaintiff's mental limitation, and (2) ordered a re-evaluation of the plaintiff's ability to perform light work in light of her present psychological constraints.

Mr. Hernández makes much of the fact that this Court's remand is a fourth rather than a sixth sentence remand under § 405. As such, he argues, the remand must be a final order because a fourth sentence remand authorizes a court to "affirm, modify or reverse a decision of the Secretary with or without a remand for a rehearing" while a sixth sentence remand is granted when new evidence is presented. Sixth sentence remands require the filing with the Court of "any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which [the] action in modifying or affirming was based." § 405(g); *Melkonyan*, 111 S.Ct. at p. 2163.

It is true that according to *Finkelstein* and *Melkonyan* only two types of remands are available to district courts. The issue however, has not been laid to rest by these decisions, given the reality surrounding the nature of remand orders at the district level. As recognized by the Eight and Tenth Circuits in *Welter v. Sullivan*, 941 F.2d 674, 675 (8th Cir.1991), and *Gutiérrez v. Sullivan*, 953 F.2d 579, 584 (10th Cir. 1991), and noted by this Court in *Manuel González Medina v. Secretary of Health and Human Services*, No. 89–1058(PG), slip. op. 3 (D.P.R., January 29, 1992), there exists a subcategory of remand cases in which " ... the district court makes a fourth sentence remand but intends to retain jurisdiction over the action pending further administrative proceedings ... enter[ing] a final judgment [only after] those proceedings are completed." *Gutiérrez*, 953 F.2d at 584.

The case at bar is one such example. Because no affirmation, modification or reversal of the ALJ's judgment was involved and no new evidence was involved in its consideration by the Court, the case refuses to be cast in the iron mold of classical section four or six remands. This Court merely remanded with instructions to the ALJ to consider the effects of plaintiff's perceived disability. As such, the case falls squarely within the subcategory of cases highlighted by the *Gutiérrez* case.

All of this said, it is plain that this Court's Order is not a final judgment. Plaintiff does not—and indeed cannot—contend that this Court's Order "terminate[d] the civil action." This is patently so because a decision by the ALJ can still engender yet another round of appeals to the Council and, ultimately, to this Court. In

fact, Mr. Hernández's silence on this point betrays acknowledgment.

Nothing in the Order even vaguely suggests that plaintiff was the prevailing party. As a matter of fact, plaintiff may still lose this case on reconsideration or appeal.

As luck would have it—and even as this opinion was going off to the presses—counsel for the plaintiff submitted a Motion to Dismiss and Renewed Application for Attorney Fees, bringing to the attention of this Court the fact that the ALJ just issued a favorable decision on behalf of his client.[4] The accompanying documents disclose that by order dated May 27, 1992, the ALJ entered judgment granting disability benefits pursuant to §§ 216(i) and 223, effective June 26, 1987.

By its own terms, notice of this judgment is deemed received by plaintiff five days after the mailing date. In other words—and absent anything to the contrary in the record—notice was received by plaintiff on June 2, 1992. Departmental rules promulgated pursuant to § 405, provide that the Council may review the case, *motu proprio* during a period of sixty days following the judgment by the ALJ. Thus, until such time as this sixty (60) day time-period runs, the judgment will not be deemed final.

In view of the foregoing, counsel's motion for attorney fees is DENIED. Counsel is hereby instructed to renew his motion for fees when the sixty (60) day period expires provided that no further action is taken by the Secretary of Health and Human Services. At that point, the thirty (30) day filing period prescribed by EAJA will begin to run.

IT IS SO ORDERED.

---

**4.** This does not render the preceding dissertation on final judgment mere dicta because it is capable of repetition but evades review. *South-* *ern Pacific Terminal Co. v. Interstate Commerce Commission,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911).