**Ronald R. BAKER**

v.

**SECRETARY, HEALTH AND HUMAN SERVICES.**

**Civ. No. 91–331–JD.**

United States District Court, D. New Hampshire.

Sept. 22, 1992.

Ronald K. Lospennato, Concord, N.H., for plaintiff.

Gretchen Leah Witt, Asst. U.S. Atty., Concord, N.H., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge, sitting by designation.

This case presents two issues which have engendered a myriad of judicial decisions from numerous courts throughout the nation. First, whether a district court's remand, pursuant to sentence four of 42 U.S.C. sec. 405(g), so that a rehearing before the Secretary of Health and Human Services ("the Secretary") may take place, automatically confers upon a claimant the "prevailing party" status necessary for entitlement of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. sec. 2412? Second, at what time does the clock for an attorney fee petition after a sentence four remand start ticking?

### The Facts

This action was initially commenced on August 2, 1991 pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. sec. 405(g) to review a final decision of the Secretary denying plaintiff disability insurance benefits. On January 31, 1992, Judge Norman H. Stahl[1] remanded this case to the Secretary for a rehearing under sentence four of sec. 405(g). Judgment was thereafter entered on February 3, 1992.

Plaintiff argues that Judge Stahl's order conferred upon him "prevailing party" status and that therefore since judgment was subsequently entered, he is entitled to an award of attorney fees under the EAJA. Plaintiff further asks the Court to retain jurisdiction of the case pending the outcome of the remand proceedings so that his payment reflects the time spent on the new administrative proceedings. The defendant counters that plaintiff's application is premature as the Court's remand order did not confer upon the plaintiff prevailing party status. Defendant further asks the Court to hold this matter in abeyance until completion of the administrative proceedings. Finally, defendant asserts that the Court cannot retain jurisdiction over this case after remanding it pursuant to sentence four.

### Discussion

Three recent Supreme Court cases are pivotal to resolution of the issues at bar: *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989); *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990); and, *Melkonyan v. Sullivan*, — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). Under *Finkelstein* and *Melkonyan* only two types of remand are available to district courts: sentence four and sentence six. Sentence four of sec. 405(g) grants district courts the power to enter "a judgment affirming, modifying, or reversing the decision of the Secretary with or without remanding the case for a rehearing." Where a court makes a sentence four remand, the filing period for attorney fees begins to run after the final judgment affirming, modifying, or reversing is entered by the court and the appeal period expires. *Melkonyan*, — U.S. at —, 111 S.Ct. at 2165.

After reading *Melkonyan*, simple logic dictates that once a case is remanded pursuant to sentence four, a claimant becomes a "prevailing party" and his EAJA clock begins to tick upon the expiration of the appeal period following entry of judgment. Permitting this to occur however, would conflict with the holding in *Sullivan v. Hudson*, where the Court stated that EAJA fees may encompass services performed during remand proceedings. 490 U.S. at 890, 109 S.Ct. at 2256. It would also run contrary to the reality surrounding the nature of most remand orders at

---

1. Judge Stahl has since then been appointed to the United States Court of Appeals for the First Circuit.

the district court level which call for a rehearing of the case.

■ The widespread confusion created by attempting to reconcile *Melkonyan* and *Hudson* will only be put to rest by a future Supreme Court decision. Our Circuit, which as of yet has not touched upon the instant issue, will hopefully soon provide some temporary guidance and uniformity to district courts. In the meantime, this Court holds, as have several district courts in our Circuit, that a remand under sentence four which contemplates further administrative proceedings does not grant "prevailing party" status to a claimant. Rather, such a remand falls within a "subcategory" of sentence four remands where the district court intends to retain jurisdiction over the action pending administrative proceedings. *See Gutierrez v. Sullivan,* 953 F.2d 579, 584 (10th Cir.1992). Such a remand thus, will not be considered a final judgment until an administrative decision is rendered. Once an administrative decision is reached, the plaintiff may petition the Court to enter judgment, after which, once the sixty day appeal period expires, he then has thirty days to petition for attorney fees under EAJA. *See e.g. Rodriguez v. Secretary of Health and Human Services,* 794 F.Supp. 58 (D.P.R.1992) (opinion by the undersigned); *Heredia v. Secretary of Health and Human Services,* 783 F.Supp. 1550 (D.P.R.1992); *Allbritton v. Secretary of Health and Human Services,* 796 F.Supp. 35 (D.Mass.1992). *See e.g., cf. Lenz v. Secretary of Health and Human Services,* 798 F.Supp. 69, 72 (D.N.H.1992). *Cf. Dow v. Sullivan,* 774 F.Supp. 46 (D.Me. 1991).

### Conclusion

Judge Stahl's sentence four remand was one which contemplated further administrative proceedings. Hence, the plaintiff cannot be considered a prevailing party at this juncture. In view of the fact that the claimant may possibly prevail before the Secretary, this Court shall retain jurisdiction over this case so as to award attorney fees to the plaintiff.

WHEREFORE, the Judgment entered by the Clerk of the Court on February 3, 1992 (docket # 10) is hereby VACATED. Plaintiff's petition for attorney fees (docket #s 12, 16) is hereby DENIED and the defendant's motion in opposition (docket # 15) is GRANTED. The plaintiff may petition the Court to enter judgment if the Secretary reaches a favorable decision. After judgment is entered, the EAJA clock will begin to tick once the time for appeal from judgment expires.

SO ORDERED.