**Luz M. RIVERA BAEZ, Plaintiff,**

v.

**SECRETARY OF HEALTH AND
HUMAN SERVICES,
Defendant.**

**Civ. No. 92–2785(PG).**

United States District Court,
Puerto Rico.

Sept. 30, 1993.

Juan A. Hernández Rivera, San Juan, PR, for plaintiff.

José Vázquez García, Asst. U.S. Atty., Hato Rey, PR, for defendant.

### OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

#### I.

The instant case is presently before the Court on Plaintiff's Motion for Issuance of Judgment (docket #11). It was originally commenced on December 8, 1992, pursuant to 42 U.S.C. § 405(g) to review a "final decision" of the Secretary of Health and Human Services ("SHHS") denying plaintiff disability benefits. On August 25, 1993, the Court entered a remand order to the SHHS (docket #10) so that plaintiff's claim be reviewed in accordance with 20 C.F.R. § 404.1527(d)(2)— a procedure which the Administrative Law Judge ("ALJ") had failed to follow.[1]

Plaintiff, in light of the Court's remand order to the SHHS, now prays that the Court enter judgment in this case so that she may subsequently file a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for services performed before this forum. She contends that her position is supported by *Shalala v. Schaefer*, — U.S. —, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), wherein the Supreme Court established a definite standard for the award of attorney fees in social security cases for work performed at the district court level. Plaintiff is indeed correct.

#### II.

Before *Shalala* was decided, the standard of awarding EAJA fees followed by this Court and subsequently endorsed by the First Circuit was the following. Once a court entered a remand order upon which **further proceedings** were contemplated pursuant to sentence four of § 405(g) [2], the same would

---

1. 20 C.F.R. § 404.1527(d)(2) states in relevant part: "We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." Without such a discussion in the ALJ's decision, this Court was unable to determine whether the same was supported by "substantial evidence" on the record as a whole. *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

2. Sentence four grants district courts the power to enter a "judgment affirming, modifying, or reversing the decision of the Secretary with or without remanding the case for a rehearing." Another type of remand, a sentence six remand, may also be entered by the Court where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the SHHS. In the case at bar, however, we are only concerned with sentence four remands.

**retain jurisdiction of the case pending the outcome of said proceedings.** Once an administrative decision was reached, the plaintiff, if successful, would ask the district court to enter judgment, whereupon the EAJA clock would begin to tick. *See Labrie v. Secretary of Health and Human Services,* 976 F.2d 779, 785–6 (1st Cir.1992) (per curiam); *Baker v. Secretary of Health and Human Services,* 799 F.Supp. 232, 234 (D.N.H.1992) (opinion by the undersigned sitting by designation).[3] The First Circuit even went as far as holding that "we think it can be presumed that the court does intend to retain jurisdiction in [sentence four] cases absent an express indication to the contrary." *Labrie,* 976 F.2d at 786.

The above standard was an attempt to reconcile a trio of Supreme Court cases: *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989); *Sullivan v. Finkelstein,* 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990); and, *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). *Melkonyan* held that only two types of remand, previously identified in *Finkelstein,* are available to district courts under 405(g): sentence four and sentence six. —— U.S. at ——, 111 S.Ct. at 2164. The Court further held that sentence four remand orders had to be accompanied by a "final judgment," affirming, modifying or reversing the administrative decision." —— U.S. at ——, 111 S.Ct. at 2165. The *Melkonyan* holding, however, was in a direct collision course to that of *Hudson*—a sentence four remand case, where the Supreme Court held that EAJA fees could encompass services performed *during remand proceedings,* 490 U.S. at 890, 109 S.Ct. at 2256, and further held that a court could remand a case and retain jurisdiction over the same. *Id.* at 892, 109 S.Ct. at 2258. Concerning said problem, this Court previously remarked:

> After reading *Melkonyan,* simple logic dictates that once a case is remanded pursuant to sentence four, a claimant becomes a "prevailing party" and his EAJA clock begins to tick upon the expiration of the

appeal period following entry of judgment. Permitting this to occur however, would conflict with the holding in *Sullivan v. Hudson,* where the Court states that EAJA fees may encompass services performed during remand proceedings. 490 U.S. at 890, 109 S.Ct. at 2256. *It would also run contrary to the reality surrounding the nature of most remand orders at the district court level which call for a rehearing of the case.*

*Baker,* 799 F.Supp. at 233–4 (emphasis added).

### III.

In *Shalala,* Justice Scalia, joined by six justices sounded the death knell to the *Labrie* approach. There, the Justices held that once a district court remands a case pursuant to sentence four of § 405(g), the same **may not retain jurisdiction over the case.** —— U.S. at ——, 113 S.Ct. at 2630. Rather, the court must enter judgment, so as to set the EAJA clock's hands in motion. *Id.* at ——, 113 S.Ct. at 2632. In reaching said holding, Justice Scalia resolved the *Hudson—Finkelstein—Melkonyan* paradox as follows:

> [W]hat we adjudicated in *Hudson,* in other words, was a hybrid: a sentence-four remand that the District Court improperly (but without objection) treated like a sentence-six remand. We specifically noted in *Melkonyan* that *Hudson* was limited to a "narrow class of qualified administrative proceedings" where "the district court retains jurisdiction of the civil action" pending the completion of the administrative proceedings. **We therefore do not consider the holding of *Hudson* binding as to sentence-four remands that are ordered (as they should be) without retention of jurisdiction, or that are ordered with retention of jurisdiction that is challenged.**

*Id.* —— U.S. at ——, 113 S.Ct. at 2630 (citations omitted) (emphasis added).

---

3. Both this Court and the First Circuit adopted the approach already followed by the Tenth Circuit in *Gutierrez v. Sullivan,* 953 F.2d 579, 584 (10th Cir.1992) and by the Eighth Circuit in *Hafner v. Sullivan,* 972 F.2d 249, 251–2 (8th Cir.1992).

## IV.

The holding in *Shalala* was a uniform solution to the widespread confusion amongst federal district and appellate courts throughout the Nation and its territories regarding the propriety of EAJA fees upon sentence four remands. The same, however, was not without some strong criticism.

In his concurring opinion in *Shalala*, Justice Stevens, joined by Justice Blackmun, stated that what the majority indeed did was to overrule *Hudson*. —— U.S. at ——, 113 S.Ct. at 2633. In his view, the majority should have followed the same path trekked by our very own Circuit in *Labrie, id.* —— U.S. at —— n. 1, 113 S.Ct. at 2633 n. 1, because the same "accords with a proper understanding of the purposes underlying EAJA and, in my view, *common sense ...*" *Id.* (emphasis added). Justice Stevens further remarked that the *Shalala* holding would create an incentive for attorneys to abandon claimants after the judicial remand—something Congress would not have intended to occur in Social Security cases. *Id.* at ——, 113 S.Ct. at 2634–35 (quoting *Hudson*, 490 U.S. at 889–90, 109 S.Ct. at 2256–57).

This Court respectfully concurs with Justice Stevens' remarks[4] and further opines that the *Shalala* decision will have an adverse and illogical effect on the principle of judicial economy the Federal Government is presently attempting to foster. The reality in everyday social security practice is that in a great number of sentence four remand cases, a once again unsuccessful plaintiff at the administrative level will return to the district court for judicial review of the SHHS's new decision. Since a district court's judgment (now mandatory upon a sentence four remand) terminates the civil action, a plaintiff unsuccessful in the remand proceedings must file a **second** action for judicial review.[5] This second action will in all likelihood be assigned to a different judge.[6] This second judge, already congested with a myriad of civil and criminal cases, as well as pressured by the Speedy Trial Act[7] clock in his criminal docket, will have to take precious time to familiarize himself or herself with the social security case file and transcript—something the first judge is already familiar with.

The *Labrie/Baker* approach, on the other hand, is a more resource and time saving process than that which will ensue as consequence of the *Shalala* decision. A district court, by retaining jurisdiction over administrative proceedings upon remand, can, due to its prior familiarity with the case, quickly resolve an appeal from the Secretary's second denial decision upon remand.

## V.

Although this Court, for the reasons expressed in the preceding section, respectfully disagrees with the *Shalala* holding, it must nonetheless apply the same to the instant case. At a glance, it is evident that this Court's August 25, 1993, remand was a sentence four remand. This Court is therefore under an obligation to issue an accompanying judgment. It also may not retain jurisdiction over the administrative proceedings upon remand.

The Supreme Court has spoken. In our democratic society, it is now up to Congress to change the law, if it disagrees with the Supreme Court's interpretation thereof. *See, e.g.,* 1991 Civil Rights Act, Pub.L. No. 102–166, 105 Stat. 1071 (wherein Congress, amongst various matters, overruled the Court's Title VII liability standard enunciat-

---

4. The Court, however, does not imply that plaintiff's attorney will abandon her after he collects his fees for this case. To the contrary, the Court recognizes that the law firm handling this matter has appeared before this Court on numerous occasions and has always represented its clients in a most zealous manner.

5. The plaintiff must again pay a new fee to commence this second "new" action.

6. Depending on the size of the district wherein the Court is located, the odds that the same judge receive the case increase/decrease. For example, in this District there are presently six judges to whom cases are assigned on a random basis. Thus, there is a one in six chance of the case "returning" to the same judge. In a larger district such as the Southern District of New York chances are one in twenty two.

7. 18 U.S.C. § 3161 *et seq.*

ed in *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989)).

## VI.

WHEREFORE, in view of the above, plaintiff's Motion For Issuance of Judgment (docket # 11) is hereby **GRANTED.** The Clerk of Court shall enter judgment in this case which has been remanded to the SHHS.

Once said judgment is issued, plaintiff, upon the prescribed period, may file his EAJA petition for worked performed before this Court.

**IT IS SO ORDERED.**