Pamela M. WHITZELL, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

Civil Action No. 04–11532–WGY.

United States District Court, D. Massachusetts.

April 18, 2006.

---

Morris Greenberg, Green & Greenberg, Providence, RI, Lead Attorney, for Plaintiff.

Christopher Alberto, United States Attorney's Office, Boston, MA, for Defendant.

### MEMORANDUM AND ORDER

YOUNG, District Judge.

## I. INTRODUCTION

This Court has already fully considered this Social Security disability case and rendered a thorough opinion, remanding the case to the Commissioner for further proceedings. *Whitzell v. Barnhart*, 379 F.Supp.2d 204 (D.Mass.2005). Prior to re-

mand, this Court denied Pamela Whitzell's ("Whitzell") request for attorneys' fees without explanation. *Id.* at 220.

Instead of returning to the Commissioner, however, Whitzell appealed. [Doc. No. 22]. During the course of the appeal, all parties agreed that this Court was in error in failing fully to entertain Whitzell's claim for attorneys' fees. Accordingly, the Court of Appeals for the First Circuit remanded the instant case back to this Court to entertain Whitzell's application for an award of attorneys' fees pursuant to the Equal Access to Justice Act (the "Access Act"). 28 U.S.C. § 2412(d)(1)(A). [Doc. No. 25]. Had I originally written, "Denied as premature without prejudice to the renewal of the application upon the conclusion of the proceedings before the Commissioner", perhaps a fair amount of time could have been saved.

## II. BACKGROUND

### A. Procedural History

Whitzell filed a claim for Supplemental Social Security Income on December 11, 2001. R. 66–68. On February 19, 2002, the Commissioner of Social Security (the "Commissioner") denied her claim. *Id.* at 38–41. Whitzell applied for reconsideration, and her claim was again denied on May 20, 2002. *Id.* at 42–46. Whitzell then requested an oral hearing, which took place on May 7, 2003 in front of Administrative Law Judge Barry H. Best (the "hearing officer"). *Id.* at 47, 53. The hearing officer denied Whitzell's claim on November 17, 2003. *Id.* at 28–29. Whitzell petitioned for a review of the hearing

officer's decision, which the Social Security Appeals Council denied, exhausting Whitzell's administrative process. *Id.* at 5–8, 13–14. On July 8, 2004, Whitzell filed an action in this Court to review the decision of the Commissioner. Compl. [Doc. No. 2] ¶¶ 1–2. This Court affirmed the Commissioner's decision in part and remanded it in part under Title 42, Section 405(g) of the U.S.Code for further proceedings. *Whitzell,* 379 F.Supp.2d at 220. This Court remanded so that the hearing officer might resolve an apparent conflict between the testimony presented by the vocational expert and the Dictionary of Occupational Titles (the "Dictionary"). *Id.* The Court at that time also denied attorneys' fees without elaboration. *Id.* Whitzell appealed the decision to the First Circuit Court of Appeals on September 27, 2005. [Doc. No. 22]. That court vacated this Court's order with respect to attorneys' fees and remanded the case back here so that Whitzell could file an application for fees. [Doc. No. 25]. Whitzell filed an application for attorneys' fees with this Court on January 22, 2006. [Doc. No. 26].

### B. Granting Attorneys' Fees under the Access Act

Before a court may award attorneys' fees under the Access Act, it must find (1) that the party seeking the fees is the prevailing party and (2) that the position of the government is bereft of substantial justification. 28 U.S.C. § 2412(d)(1)(A). Moreover, there must be no special circumstances that would make the award of fees unjust.[1] *Id.*

---

1. The full text of the statute reads:
   Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action

(other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substan-

## III. DISCUSSION

### A. Prevailing Party

■ In order for a plaintiff to qualify as a prevailing party under the Access Act, he has to receive a "final judgment (other than by settlement)". 28 U.S.C. § 2412(d)(2)(H). The Supreme Court held in *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), that a remand under Title 42, Section 405(g) of the U.S.Code can qualify as a final judgment necessary to apply for attorneys' fees under Section 2412(d)(1)(A).

■ *Schaefer*, however, differentiates between two different types of remands available under Section 405(g). 509 U.S. at 297–99, 113 S.Ct. 2625. In Section 405(g), the Social Security Act sets forth what are known as "sentence-four" and "sentence-six" remands as follows:

> [4] The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.... [6] The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....

42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 98–100, 111 S.Ct. 2157,

115 L.Ed.2d 78 (1991). A sentence-six remand is seen as a request for new evidence to be taken, while a sentence-four remand is merely a post-judgment remand. *Id.* at 98, 111 S.Ct. 2157; *see Seavey v. Barnhart*, 276 F.3d 1, 13 (1st Cir.2001). The Supreme Court in *Schaefer* stated that for purposes of an Access Act claim, a sentence-four remand qualifies as a "final judgement" required to qualify a plaintiff as a prevailing party. *Schaefer*, at 300–01, 113 S.Ct. 2625. This Court has followed this precedent. *See Durant v. Chater*, 906 F.Supp. 706, 713–14 (D.Mass.1995) (allowing plaintiff to apply for attorneys' fees because a remand back to the Commissioner qualified as a "final judgement").

This Court remanded Whitzell's case back to the hearing officer to resolve a conflict between the testimony of the vocational expert and the Dictionary. *Whitzell*, 379 F.Supp.2d at 220. Though this Court remanded the case without explicitly considering either sentence four or sentence six of Section 405(g), now that the matter is at the fore, it would appear that this remand falls within the ambit of sentence four since it was not a request for new evidence, but rather a remand back to the hearing officer for a further analysis of evidence already taken. Because this remand falls into the category of a sentence-four remand, it qualifies as final judgment under *Schaefer*. Therefore, Whitzell is a "prevailing party" as required by the Access Act.

### B. Substantial Justification

■ To be substantially justified, the government's position "must have a 'reasonable basis in law and fact' and be 'justified to a degree that could satisfy a reasonable person.'" *McDonald v. Sec'y of*

tially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

*Health and Human Services,* 884 F.2d 1468, 1475 (1st Cir.1989) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565, 566 n. 2, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). The burden of showing that the position was substantially justified is on the government, and both the underlying agency position and the government's litigation position must qualify as substantially justified to avoid paying attorneys' fees. *Id.* at 1475–76.

■ To meet its burden, the government "must show that it had a reasonable basis for the facts alleged, that it had a reasonable basis in law for the theories it advanced, and that the former supported the latter." *Sierra Club v. Sec'y of Army,* 820 F.2d 513, 517 (1st Cir.1987). "The mere fact that the government does not prevail is not dispositive on the issue of substantial justification." *Schock v. United States,* 254 F.3d 1, 5 (1st Cir.2001).

■ Whitzell's position in this petition is that, because the Commissioner failed to resolve the conflict this Court noted between the vocational expert's testimony and the Dictionary (as Social Security Ruling ("SSR") 00–4p requires), the Commissioner was not in compliance with Social Security policy.[2] Mem. of Law in Supp. Of Pl.'s Pet. for Att'ys' Fees [Doc. No. 26] at 2–3. Whitzell points to this non-compliance as per se evidence that the Commissioner's position is not substantially justified. *Id.*

The government contends that its position was substantially justified since "reasoning level" information contained in the Dictionary is not controlling. Def.'s Opp'n to Pl.'s Mot. for Att'ys' Fees [Doc. No. 28] at 5–6. The government's main argument

is that SSR 00–4p details unskilled work corresponding to a Specific Vocational Preparation ("Voc.Prep.") time of one or two. *See* SSR 00–4p. Ruling 00–4p also goes on to say that where the Dictionary is inconsistent with the regulations of the Social Security Administration, the hearing officer must follow the regulations. *Id.* The government contends that the classification of unskilled work as having a Voc. Prep. time of level one or two in Ruling 00–4p is in conflict with the reasoning level information in the Dictionary. Therefore, it argues that SSR 00–4p's determination that unskilled work has a Voc. Prep. time of one or two should be controlling, not the reasoning levels.

This argument simply misses the point. In *Whitzell,* this Court found that the hearing officer failed to resolve a conflict regarding the reasoning levels listed in the Dictionary and the vocational expert's testimony. 379 F.Supp.2d at 220. SSR 00–4p states clearly that a hearing officer *must* resolve conflicts between the Dictionary and vocational expert's testimony before using vocational expert evidence in its determination of disability. *See* SSR 00–4p. Even now, the government does not address what reasonable basis in law allowed the hearing officer, bound by SSR 00–4p, to use the vocational expert evidence in making his determination of disability. The hearing officer's determination, therefore, is without substantial justification in law.

On remand, were the hearing officer simply to strike the evidence from the vocational expert, there may no longer be a reasonable basis in law to defend the Administration's determination of disability. Precedent in this circuit suggests that

---

**2.** The Social Security Ruling reads, in pertinent part, that an "adjudicator must resolve this conflict before relying on the VE or VS evidence to support a determination or deci-

sion that the individual is or is not disabled." SSR 00–4p, 2000 WL 1898704, at *4 (S.S.A. Dec. 4, 2000).

where a claimant has both exertional and non-exertional limitations, the Commissioner needs testimony of a vocational expert to help make the determination of disability. *See Seavey v. Barnhart*, 276 F.3d 1, 11 (1st Cir.2001) (citing *Heggarty v. Sullivan*, 947 F.2d 990, 996 (1st Cir. 1991)). Here, the hearing officer concluded that Whitzell has moderate limitations in attention and concentration; the ability to deal with the public, co-workers, and supervisors; and in dealing with the ordinary requirements of attendance, perseverance, and pace. *Whitzell*, 379 F.Supp.2d at 212. Since the testimony of the vocational expert likely would be required to make a determination of disability, finding Whitzell to be disabled despite a lack of this evidence could not be substantially justified. Absent proper resolution of the conflict on remand, therefore, it would appear that Whitzell's petition must be granted.

## C. Special Circumstances

■ The discussion above appears to satisfy the order of the Court of Appeals that this Court entertain Whitzell's application for attorneys' fees. I do not interpret the order of the Court of Appeals as requiring an award of fees.

At this stage of the litigation, I cannot make such an award consistent with my understanding of Section 2412(d)(1)(A).

Here's why:

At this juncture, it is simply unjust to conclude, in anything other than a hypertechnical sense, whether Whitzell has "prevailed" in any meaningful sense. True, by virtue of this Court's remand order, she has "won" a prolongation of the litigation. But to what end?

Upon remand, the hearing officer has two options, both of them logical. Moreover, the factual determination is for the hearing officer to make. Should he persist in his determination that Whitzell is not disabled after harmonizing the testimony and the Dictionary—and should this Court uphold that determination—Whitzell cannot be said to have "prevailed" in any meaningful sense. The remand simply directs the hearing officer to take another look at the present record. On the other hand, should the hearing officer declare her "disabled", Whitzell will genuinely have prevailed.

So too now that Whitzell has appealed. Should this Court be affirmed, Whitzell will have won nothing. Should this Court be reversed, she will truly have prevailed and then, in conformity with the mandate of the Court of Appeals for the First Circuit, this Court will be in a position to assess attorneys' fees.

Were the hand of the Court to be forced at this stage, it would necessarily discount the fee application severely in light of the very modest success Whitzell has presently achieved. In view of the pending appeal, this would be little more than a prohibited advisory opinion.

These special circumstances would make an award of attorneys' fees at this time unjust, 28 U.S.C. § 2412(d)(1)(A), and require that Whitzell's fee application [Docket No. 26] presently be DENIED without prejudice to its renewal, whether at the conclusion of the appellate proceedings or after the conclusion of the remand proceedings, whichever shall best comport with the requirements of the Access Act.

SO ORDERED.