Philip M. PERKINS, Plaintiff

v.

Michael J. ASTRUE, Commissioner of Social Security Administration, Defendant.

Civil Action No. 02–30101–KPN.

United States District Court, D. Massachusetts.

July 18, 2008.

Karen L. Goodwin, United States Attorney's Office, Springfield, MA, for Defendant.

Marshall T. Moriarty, Moriarty and Connor, LLC, Springfield, MA, for Plaintiff.

*MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (Document No. 19)*

NEIMAN, United States Chief Magistrate Judge.

Philip M. Perkins ("Plaintiff") seeks an award of $5,283.55 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant, the Commissioner of the Social Security Administration ("Commissioner"), contends that Plaintiff's petition is untimely and should be denied. The parties have consented to this court's jurisdiction pur-

suant to 28 U.S.C. § 636(c) and Fed. R.Civ.P. 73. For the reasons which follow, the court will deny Plaintiff's motion for attorney's fees.

## I. BACKGROUND

On June 24, 2002, Plaintiff, pursuant to 42 U.S.C. § 405(g), filed a complaint in this court alleging the improper denial of Supplemental Security Income ("SSI") benefits. After considering the parties' cross-motions, the court issued a Memorandum and Order on May 20, 2003, 266 F.Supp.2d 198 ("Mem. & Order"), reversing the decision of the Commissioner and remanding the case to the Social Security Administration ("SSA") for further proceedings consistent with its decision. The following day, the court entered judgment for Plaintiff and closed the case. The SSA issued a favorable decision on Plaintiff's claim nearly five years later, on February 13, 2008. (The reason for such a lengthy delay has not been explained.) Plaintiff filed his motion for attorney's fees on April 24, 2008.

## II. DISCUSSION

■ The EAJA is a fee-shifting statute that creates a right to attorney's fees in appropriate civil actions against the United States. *See* 28 U.S.C. § 2412.[1] Its purpose is to ensure that individuals are not deterred from seeking review of unjustified governmental action. *See Schock v. United States*, 254 F.3d 1, 4 (1st Cir.2001) (citing legislative history). Procedurally, the EAJA requires that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party." 28 U.S.C. § 2412(d)(1)(B).

■ At issue is the date of the "final judgment" in this action. Plaintiff suggests that the final judgment occurred sixty days after the administrative law judge's decision of February 13, 2008, *i.e.,* the purported end of the time period within which the SSA's Appeals Council, on its own motion, could have reviewed the administrative law judge's decision. (Pl.'s Mem. Support Motion EAJA Fees ("Pl.'s Brief") at 1–2.) For his part, the Commissioner argues that the final judgment was the court's May 21, 2003 judgment (entering the court's Memorandum and Order of the previous day) remanding the matter to the SSA. (Def.'s Opp'n Pl.'s Motion EAJA Fees ("Def.'s Brief") at 3–4.) Guided by the Supreme Court's holding on this issue, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), the court agrees with the Commissioner.[2]

■ As both parties observe, the outcome of the instant matter depends on the type of remand issued by this court in 2003. "In cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of § 405(g)." *Schaefer*, 509 U.S. at 296, 113 S.Ct. 2625. *See also Melkonyan v. Sullivan*, 501 U.S. 89, 101–02, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) (similar).[3] The dis-

---

1. While the EAJA applies to civil actions filed in *court*, a separate statute provides that, at the *administrative* level, Social Security claimants, in limited circumstances, may be entitled to attorney's fees equal to a certain percentage of the claimant's recovery. *See* 42 U.S.C. § 406. The court offers no opinion as to the potential applicability of that statute here.

2. The court notes that, given the Commissioner's arguments, it "requir[ed] Plaintiff to file a reply" to the Commissioner's Opposition. (See May 12, 2008 Electronic Order.) Plaintiff failed or chose not to do so. Nevertheless, the court has analyzed Plaintiff's legal argument, the essence of which is set forth in a footnote in his original brief. (Pl.'s Brief at 2 n. 1.)

3. Sentence four reads: "The court shall have

tinction is determinative in an EAJA application because a sentence four remand gives a claimant "prevailing party" status by terminating the litigation in the claimant's favor, whereas a sentence six remand does not. *Schaefer*, 509 U.S. at 301, 113 S.Ct. 2625. In effect, a sentence six remand is interlocutory and no final judgment enters until the Commissioner returns to court to file the SSA's additional or modified findings of fact and decision. *See Krishnan v. Barnhart*, 328 F.3d 685, 691 (D.C.Cir.2003).

As Plaintiff asserts, this court did not specify the type of remand it ordered on May 22, 2008, even though it entered judgment for Plaintiffs the following day. Nonetheless, Plaintiff argues, somewhat boldly, that the remand "was intended as a sentence 6 remand which required the [Commissioner] to return to court and it would appear from the language of the decision that the Commissioner ... agrees." (Pl.'s Brief at 2 n. 1.) Plaintiff, however, points to no specific language, and the court can find none, that suggests that the court, let alone the Commissioner or the administrative law judge, believed that the case would return to this forum. Accordingly, and as further explained below, the only proper treatment of the

court's decision is as a sentence four remand.

When ruling on the parties' cross-motions on May 20, 2003, the court rejected Plaintiff's first argument that he did in fact have a listed impairment and, as such, was eligible for SSI. (Mem. & Ord., 266 F.Supp.2d at 204–05.) The court found that there was substantial evidence supporting the administrative law judge's determination that Plaintiff's impairment, while severe, did not equate to a listed impairment. (*Id.* at 205.) The court also found, however, that the administrative law judge did not adequately analyze the evidence insofar as it concerned Plaintiff's ability to engage in sedentary work. (*Id.* at 205–08.) Accordingly, the court remanded the case for further analysis.

To be sure, as indicated, the court did not explicitly refer to sentence four in its order of remand. However, the court did quote sentence four in its Standard of Review. (See *id.* at 201 ("In the end, the court maintains the power, in appropriate circumstances, 'to enter ... a judgment affirming, modifying, or reversing the [Commissioner's] decision' or to 'remand[ ] the cause for a rehearing.' 42 U.S.C. § 405(g).").) More to the point, the court did not identify any new evidence or any

power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (sentence four). Sentence six reads as follows:

The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is

good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g) (sentence six).

good cause why the administrative law judge may have failed to incorporate new evidence into the record, the very requirements that distinguish a sentence six remand from a sentence four remand. Rather, the court merely remanded the matter so that the administrative law judge could re-analyze the existing evidence as it related to Plaintiff's ability to do sedentary work. The obvious import of the court's ruling, therefore, was to remand the matter pursuant to sentence four. *See Whitzell v. Barnhart*, 429 F.Supp.2d 361, 364 (D.Mass.2006) (noting in a case with similar facts that "this remand falls within the ambit of sentence four since it was not a request for new evidence, but rather a remand back to the hearing officer for further analysis of evidence already taken").

That being the case, the court turns now to *Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, the Supreme Court's controlling precedent in this area. *See also Melkonyan*, 501 U.S. 89, 111 S.Ct. 2157; *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990); *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989). In *Schaefer*, Justice Scalia, noting previous "contradiction in our case law," *id.* at 300 n. 4, 113 S.Ct. 2625, clarified the Court's position and stated in no uncertain terms that sentence four remands are final judgments for purposes of EAJA applications. *See id.* at 298, 113 S.Ct. 2625 ("[W]hen the time for seeking appellate review has run, the sentence-four judgment fits squarely within the term 'final judgment' as used in [the EAJA], which is defined to mean 'a judgment that is final and not appealable.'") (quoting 28 U.S.C. § 2412(d)(2)(G)). Thus, given that this court's order was a sentence four remand, it was the "final judgment" for purposes of any EAJA application.

Granted, as the Commissioner acknowledges, the First Circuit, in *Labrie v. Secre-*tary of Health & Human Servs., 976 F.2d 779 (1st Cir.1992), had previously held that a court was presumed to retain jurisdiction over a case when it remanded the matter to the Commissioner and, hence, that any such remand was not a final judgment triggering the EAJA's thirty-day application period. *Id.* at 786. Consequently, the First Circuit determined, such a claimant could return to court to file an EAJA request after an administrative law judge issued a favorable decision on remand. *Id.* As the Commissioner argues, however, *Schaefer*, decided a year later, effectively overruled *Labrie*. As one court put it soon thereafter, *Schaefer* "sounded the death knell to the *Labrie* approach," that is, "once a district court remands a case pursuant to sentence four of § 405(g), the same may not retain jurisdiction over the case." *Rivera Baez v. Sec'y of Health & Human Servs.*, 832 F.Supp. 28, 29 (D.P.R. 1993). "Rather," the court continued, "the court must enter judgment, so as to set the EAJA clock's hands in motion." *Id.* (citations omitted). In this regard, it is important to note that Justice Stevens, although concurring in the judgment entered by the majority in *Schaefer*, noted that, in his view, the majority's holding ran counter to the "common sense" solution conceived of by several Courts of Appeal, including the First Circuit in *Labrie*, which commenced the running of the thirty-day EAJA clock once a district court entered a final judgment on the remanded proceedings. *Schaefer*, 509 U.S. at 305, 113 S.Ct. 2625 (Stevens, J., concurring). As Justice Stevens indicated, however, these holdings were repudiated by the "path followed by the majority." *Id.* at 304, 113 S.Ct. 2625.

## III. CONCLUSION

For the reasons stated, the court's May 20, 2003 remand, being a sentence four remand, was a final judgment that triggered the thirty-day window within which

Plaintiff had to file an EAJA application for fees. Since, as is obvious, Plaintiff's request comes more than five years after final judgment, it is untimely. Plaintiff's motion for attorney's fees, therefore, is DENIED.

IT IS SO ORDERED.