**Anthony MITEK, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 90–3549.**

United States District Court, D. New Jersey.

Jan. 24, 1994.

Alan H. Polonsky, Polonsky & Polonsky, Audubon, NJ, for plaintiff Anthony Mitek.

John C. Jeannopoulos, Sp. Asst. U.S. Atty., Newark, NJ, for defendant Louis W. Sullivan.

### OPINION

DEBEVOISE, District Judge.

This is a remand by the Third Circuit based on the parties' consent to vacate and reconsider my order awarding attorney's fees in the light of *Shalala v. Schaefer,* — U.S. ——, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff Anthony Mitek originally brought an action under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final determination of the Secretary of Health and Human Services (the "Secretary") terminating his disability insurance benefits. By an order of April 3, 1992, I reversed the Secretary's decision and remanded the case for further proceedings consistent with the opinion. The clerk entered the order on the docket on April 6, 1992. On September 4, 1992, the ALJ found that plaintiff remained disabled. On September 30, 1992, plaintiff moved for award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B) ("EAJA"). By order of November 11, 1992, over the government's objections, I granted plaintiff's motion, awarding $3,984.00 attorney's fees.

The issue which plaintiff's application for counsel fees presented was whether my April 3, 1992 order of reversal and remand constituted a final judgment which, upon entry and the passage of time for appeal, triggered the thirty-day time limit within which a prevailing party is required to apply for attorney's fees under the EAJA. I concluded that the remand order, which was pursuant to the fourth sentence of 42 U.S.C. § 405(g), was not a final judgment for the purposes of the EAJA, and that the judgment became final upon completion of the proceedings on remand, relying on *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989). It followed that plaintiff was not barred from making an EAJA application by failing to file his application within thirty days after the time for appeal from the April 3, 1992 order had expired.

The Secretary appealed the order granting the award.

Pending appeal, the Supreme Court decided *Shalala v. Schaefer,* —— U.S. ——, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) which held that the 30–day period for filing an application for EAJA attorney's fees began upon expiration of the time for appeal of a "sentence-four remand order" if that order was a judgment within the meaning of Fed.R.Civ.P. 58. The parties mutually agreed to withdraw the appeal, vacate the earlier award of attorney's fees, and request reconsideration of the application for EAJA attorney's fees under *Schaefer.*

## DISCUSSION

■ It is apparent that my opinion of November 11, 1992 holding that the remand order entered on April 6, 1992 was not a final judgment and that the court retained jurisdiction over the administrative proceedings on remand was erroneous. The Supreme Court, quoting from *Sullivan v. Finkelstein,* 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), held that "[u]nder § 405(g), 'each final decision of the Secretary [is] reviewable by a *separate* piece of litigation,' and a sentence-four remand order 'terminate[s] the civil ac-

tion' seeking judicial review of the Secretary's final decision." —— U.S. at ——, 113 S.Ct. at 2630. Thus the remand order in the present case, which was entered on April 6, 1992, must be regarded as a final judgment terminating the action.[1] Under a sentence-four remand order the court may not retain jurisdiction.

*Schaefer* held that a sentence-four remand order and not the decision in the administrative proceedings on remand is the starting point for calculating the time for filing a fee petition under the EAJA, namely, 30 days following the expiration of the time for appealing the remand order. Under Fed. R.App.P. 4(a), the time for such an appeal is 60 days after entry of judgment. Thus the party seeking EAJA fees has 90 days to file a petition after entry of judgment. The parties in the present case do not dispute this holding. Rather they argue whether a judgment has been entered under Fed.R.Civ.P. 58.

The Secretary argues that the application for award of attorney's fees was time-barred because the court's remand order entered on April 6, 1992 constituted a judgment within the meaning of Fed.R.Civ.P. 58. Ninety days from April 6, 1992 was July 2, 1992. Since the petition was filed on September 30, 1992, nearly three months after the July 2, 1992 expiration date, it is time-barred.

Plaintiff on the other hand contends that the remand order entered on April 6, 1992 was not a judgment within the meaning of Rule 58. To support this contention, plaintiff analogizes *Schaefer* with the present case. In both cases, the EAJA petition was filed more than 90 days after the district court entered an order remanding the case to the administrative agency for further proceedings. While the Supreme Court held that such a petition must be filed within 90 days from the entry of a judgment terminating the civil action, it concluded that no such judgment had been entered in that case. "By entering a sentence-four remand order, the District Court did enter a *judgment;* it just

[1]. "[A] party who wins a sentence-four remand order is a prevailing party" for the purpose of § 2412(d)(1)(B) which requires plaintiff to be "a prevailing party." *Schaefer,* at —— – —— and ——, 113 S.Ct. at 2632 and 2631.

failed to comply with the formalities of Rule 58 in doing so." *Schaefer*, at ——, n. 6, 113 S.Ct. at 2632, n. 6. By way of analogy, plaintiff argues that the remand order entered on April 6, 1992 was not a judgment within the meaning of Rule 58, and thus no judgment has been entered in this case.

■ Thus it must be determined whether the remand order entered on April 6, 1992 constituted a judgment under Rule 58. I conclude that it did. Rule 58 requires the district court to set forth every judgment "on a separate document" and provides that "[a] judgment is effective only when so set forth." The Supreme Court in *Schaefer* emphasized this separate-document requirement and affirmed the lower court's judgment awarding attorney's fees solely on that ground:

> "Since the District Court's April 4 remand order was a final judgment, ... a "separate document" of judgment should have been entered. It is clear from the record that this was not done.... Absent a formal judgment, the District Court's April 4 order remained "appealable" at the time that Schaefer filed his application for EAJA fees, and thus the application was timely under § 2412(d)(1):"

*Id.*, at —— – ——, 113 S.Ct. at 2632. It is unclear whether the lower court in *Schaefer* had issued an opinion in addition to the remand order.

In the present case, an opinion was issued setting forth the rationale for remanding the case. In a separate document, an order was issued to implement that opinion. Fed. R.Civ.P. 54(a) provides that a judgment "includes a decree and any order from which an appeal lies." Therefore, the remand order was a judgment within the meaning of Rule 54. Rule 58 requires, in addition to a separate document, that the document be entered "as provided in Rule 79(a)." Rule 79(a) contains a number of formalities all of which seem to be satisfied in the entry of the order on April 6, 1992. Thus it appears that the order complied with the formalities of Rule 58 and constituted judgment under that rule.

Since the petition for attorney's fees was filed more than 90 days after the entry of judgment under Rule 58, it was time barred and must be denied. An order shall issue.