UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Crystal Fall

    v.

U.S. Social Security
Administration, Commissioner

Civil No. 18-cv-281-JL
Opinion No. 2019 DNH 168

**ORDER ON APPEAL**

Crystal Fall has appealed the Social Security Administration's ("SSA") denial of her application for a period of disability, disability insurance benefits, and supplemental security income. An administrative law judge ("ALJ") at the SSA ruled that, despite severe impairments, Fall retains the residual functional capacity ("RFC") to perform past relevant work and jobs that exist in significant numbers in the national economy, and thus is not disabled. See 20 C.F.R. § 404.1505(a), 416.905(a). The Appeals Council later denied Fall's request for review, see id. §§ 404.967, 416.1467, making the ALJ's ruling the final decision on Fall's application, see id. §§ 404.981, 416.1481. Fall then appealed the decision to this court, which has jurisdiction under 42 U.S.C. § 405(g) (Social Security).

Fall has moved to reverse the decision. See LR 9.1(b). The Commissioner of the SSA has cross-moved for an order affirming the ALJ's decision. See LR 9.1(c). After careful

consideration, the court grants Fall's motion and denies the Commissioner's motion.

## I.  Applicable legal standard

The court limits its review of a final decision of the SSA "to determining whether the ALJ used the proper legal standards and found facts upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000).  It "review[s] questions of law de novo, but defer[s] to the Commissioner's findings of fact, so long as they are supported by substantial evidence," id., that is, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted).  Though the evidence in the record may support multiple conclusions, the court will still uphold the ALJ's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).  The court therefore "must uphold a denial of social security . . . benefits unless 'the [Commissioner] has committed a legal or factual error in evaluating a particular claim.'" Manso-Pizarro v. Sec'y of Health and Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam) (quoting Sullivan v. Hudson, 490 U.S. 877, 885 (1989)).

## II.  **Background**

The court recounts here only those facts relevant to the
instant appeal.  The parties' more complete recitation in their
Joint Statement of Material Facts[1] is incorporated by reference.
The ALJ invoked the requisite five-step sequential evaluation
process to assess Fall's request for a period of disability,
disability insurance benefits, and supplemental security income.
See 20 C.F.R. §§ 404.1520, 416.920.  After determining at the
first step that Fall had not engaged in substantial gainful
activity after the alleged onset of her disability, the ALJ
analyzed the severity of her impairments.[2]  At this second step,
the ALJ found that Fall had several severe impairments:  a left
knee internal derangement, degenerative disc disease, obesity,
and asthma.[3]

At the third step, the ALJ found that Fall's severe
impairments, individually and in combination, did not meet or
"medically equal" the severity of one of the impairments listed
in the Social Security regulations.[4]  See 20 C.F.R.
§§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925,

---

[1] Document no. 9.

[2] Admin. R. at 14.

[3] Id.

[4] Id.

416.926.  After reviewing the medical evidence of record, medical opinions, and Fall's own statements, the ALJ concluded that Fall retained the RFC to perform light work, see 20 C.F.R. §§ 404.1567(b), 416.967(b), with additional limitations:

> [S]he could stand or walk for two hours in an eight-hour day; and she requires the option to alternate between sitting and standing at forty-five-minute intervals allowing the individual the opportunity to remain in the new position for five minutes before returning to the previous position.  She can climb ramps and stairs no more than ten percent of the workday, but never climb ladders; occasionally balance or stoop, but never kneel, crouch, or crawl; occasionally operate foot controls with the left lower extremity; and occasionally reach overhead bilaterally.  She can have no exposure to extreme cold or extreme heat; no exposure to vibration; exposure to wetness, humidity, and pulmonary irritants is limited to what is found in a typical office or retail environment; no exposure to unprotected heights; and may not operate dangerous moving machinery.[5]

At steps 4 and 5, the ALJ found that, even limited in this manner, Fall was able to perform her past relevant work as a customer service representative or, as an alternative finding, jobs that exist in significant numbers in the national economy. [6] See 20 C.F.R. §§ 404.1565, 404.1566, 416.965, 416.966.  The ALJ thus concluded his analysis and found that Fall was not disabled within the meaning of the Social Security Act.[7]

---

[5] Admin. R. at 15.

[6] Admin. R. at 22-24.

[7] Admin. R. at 24.

4

## III. **Analysis**

Fall argues that the ALJ erred by: (1) improperly weighing the medical opinion evidence in the record; (2) improperly evaluating Fall's testimony; and (3) relying on the testimony of the vocational expert despite failing to incorporate into all of the non-exertional limitations from his RFC findings into his hypothetical questions to the expert. Fall's third argument raises an issue which requires remand, so the court does not reach her first two arguments.[8]

Fall argues that the ALJ's step 4 and alternative step 5 determinations are not supported by substantial evidence because the ALJ did not elicit testimony from the vocational expert about certain non-exertional limitations included in his RFC findings. The ALJ posed four hypotheticals of increasing limitation to the vocational expert, none of which entirely matched the ultimate RFC.[9] The vocational expert testified that Fall would be able to perform her past relevant work as a customer service representative under the first three hypotheticals.[10] Under the fourth hypothetical, which introduced

---

[8] On the court's limited review of these issues, substantial evidence appears to exist in the record to support the ALJ's evaluation of medical evidence and testimony.

[9] Admin. R. at 104-08.

[10] Id.

5

a limitation to performing simple, routine tasks, the expert testified that Fall would not be able to perform that past position, but identified three occupations available in significant numbers in the national economy which Fall could still perform.[11]

The ALJ acknowledged in his decision that "the vocational expert was not given a hypothetical exactly matching the residual functional capacity" ultimately adopted, but nevertheless found that the claimant could perform past relevant work as a customer service representative.[12]  He reasoned that the only hypothetical limitation which led the expert to exclude that customer service position was a limitation to simple tasks, which the ALJ did not include in the RFC.[13]  The ALJ also found, in the alternative and relying on the vocational expert's response to the fourth hypothetical, that the claimant would be able to perform jobs that exist in significant numbers in the national economy.

One of the ways in which the RFC varied from the hypotheticals presented to the expert is that the ALJ included in the RFC a limitation to "occasionally reach overhead

---

[11] Id.

[12] Admin. R. at 22.

[13] Admin. R. at 22-23.

bilaterally."[14]  The claimant argues, and the Commissioner concedes, that the Selected Characteristics of Occupations entries for the Fall's past position as a customer service representative and the three occupations identified in the alternative finding indicate frequent reaching.  The Commissioner argues that this is not problematic because the record indicates the ALJ made a scrivener's error in including an occasional, rather than frequent, reaching limitation in the RFC.  The ALJ gave the opinion of Dr. Fuchs, the agency's medical expert, great weight. [15]  Dr. Fuchs's opinion, which was provided after the vocational expert testified, included a limitation to frequent overhead reaching.[16]  The Commissioner contends that the ALJ intended to adopt this limitation, and accidentally substituted "occasionally" for "frequently" in the RFC.

But the ALJ explicitly noted that the RFC "does not perfectly mirror the opinion of Dr. Fuchs and does in fact include some additional limitations based on the claimant's reports, including a lesser ability to stand and walk and an

---

[14] Admin. R. at 15

[15] Admin. R. at 19.

[16] Id.

allowance to alternate positions."[17]  In addition to these differences and overhead reaching, the RFC recognizes greater limitations than Dr. Fuchs's opinion on exposure to extreme heat or cold and Fall's ability to kneel, crouch, or crawl.  The ALJ thus deviated from Dr. Fuchs's opinion without explicitly listing all the deviations.  Notably, all these deviations recognized greater limitations than Dr. Fuchs's opinion.

The Commissioner points to the ALJ's discussion of treating physician Dr. Tran's medical opinion as evidence that the ALJ did not intend to adopt an occasional reaching limitation:

> [S]ome of Dr. Tran's specific limitations appear grossly overstated on their face, such as the finding that she could never twist, stoop, crouch, or squat or that she could never reach in any direction with the bilateral upper extremities.  The claimant is clearly able to perform all of these functions on at least some basis, as she is able to care for her personal needs, help care for her children and pets, manage living on a farm, etc.  These tasks clearly require an ability to use the upper extremities, twist, stoop, crouch, and squat.[18]

But this rejection of a total inability to reach overhead does not indicate whether the ALJ intended to adopt an occasional or frequent limitation in the RFC.  Furthermore, the ALJ here states that Fall must possess an ability to crouch on some basis, but including a limitation of never crouching in the RFC.

---

[17] Admin. R. at 19-20 (emphasis added).

[18] Admin. R. at 21-22.

8

That inconsistency undermines the implication urged by the Commissioner.

The Commissioner's remaining and strongest argument in support of the scrivener's error argument is that the ALJ, in making the step 5 alternative finding, states that:

> Of note, the residual functional capacity above does have some additional limitations that were not presented to the vocational expert, but were added based on the supplemental hearing testimony of Dr. Fuchs. These additional limitations include . . . frequent overhead reaching . . . . I added these additional limitations to the residual functional capacity based upon Dr. Fuchs' opinion. Further testimony from the vocational expert is not necessary in this case because a review of the DOT job descriptions for the above representative jobs does not indicate these positions would require the need to . . . reach more than frequently . . . .[19]

The ALJ clearly conducted the step 4 and 5 analyses under the understanding that the RFC recognized a limitation to only frequent overhead reaching. Notably though, the ALJ continued into a cryptic passage:

> Furthermore, the vocational expert identified 350,000 jobs that fit within the hypothetical presented. If I were to find that, notwithstanding the fact that there is no indication that these jobs require more than occasional operation of foot controls, more than frequent overhead reaching, and some exposure to vibrations, 17,500 jobs would still remain. I find

---

[19] Admin. R. at 24.

9

that this number would constitute a significant number of jobs in the national economy.[20]

There are at least two errors in this passage. First, some reasoning explaining why twenty percent of the available jobs would remain available even incorporating the limitations has clearly been omitted. Second, the vocational expert actually identified 485,000 jobs within the hypothetical, as the ALJ recounted in the prior paragraph of his order.[21] These errors cast doubt on the Commissioner's suggestion that the accuracy of the step 4 and step 5 analysis should be preferred over the plain statement of the RFC at step 3.

The RFC, an important passage in this or any similar ALJ decision, indicates a limitation of occasional overhead reaching. Nothing in the step 3 analysis indicates that the ALJ clearly intended otherwise. In conducting steps 4 and 5 of the sequential evaluation, the ALJ assumed that the RFC included a frequent overhead reaching limitation. The step 4 and step 5 analyses contain editing errors. The Commissioner urges that the tension between the RFC and the later findings should be resolved by finding that the ALJ committed a scrivener's error

---

[20] Id.

[21] Id. The court's best explanation of this error is that the vocational expert identified positions with 175,000, 150,000, and 160,000 jobs. In totaling these figures, the ALJ might have omitted a digit and included 15,000 rather than 150,000.

in the RFC.  The court disagrees.  The internal inconsistencies in the ALJ's decision are too great to reach that conclusion. And there is no evidence in the record that would allow the court to assume that Fall would be able to perform her past work or other work that exists in substantial numbers in the national economy if she is in fact limited to occasional overhead reaching.  Remand to resolve this issue is thus "more than an empty exercise."  Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 656 (1st Cir. 2000).

## IV.  Conclusion

For these reasons, Fall's motion to reverse the Commissioner's decision[22] is GRANTED and the Commissioner's motion to affirm[23] is DENIED.  The case is remanded to the Commissioner for further proceedings, pursuant to sentence four of 42 U.S.C. 405(g).  The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
**United** States District Judge

Dated:  September 27, 2019

cc:  D. Lance Tillinghast, Esq.
     Sarah E. Choi, Esq.

---

[22] Document no. 8.

[23] Document no. 10.